**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EMILIANO DE JESUS PORTILLO
c/o 519 H Street NW
Washington, DC 20001

WILLIAM CASTANEDA TEJADA
c/o 519 H Street NW
Washington, DC 20001

ANGEL ROMERO
c/o 519 H Street NW
Washington, DC 20001

    Plaintiffs,

v.

SMITH COMMONS DC, LLC
d/b/a SMITH COMMONS
1926 Benning Road NE
Washington, DC 20002

JEROME BAILEY
7103 Pomander Lane
Chevy Chase, MD 20815

RONALD F. MCNEILL
a/k/a RONALD F. MCNEIL
2399 Hunters Square Court
Reston, VA 20191

KAMAL CHANAKA
a/k/a KAMAL KURUPPU
6311 Landover Road, Apt. T3
Cheverly, MD 20785

    Defendants.

Civil Action No. _____

**COMPLAINT**

## COMPLAINT

1. While Plaintiffs worked at the restaurant Smith Commons, Defendants failed to pay Plaintiffs minimum and/or overtime wages. Defendants also failed to provide Plaintiffs with paid safe and sick leave. Defendants engaged in these unlawful employment practices despite the fact that they have been sued on two prior occasions for almost exactly the same practices.

2. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay minimum and overtime wages and, to provide safe and sick leave, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### Parties

5. Plaintiff Emiliano De Jesus Portillo is an adult resident of the District of Columbia.

6. Plaintiff William Castaneda Tejada is an adult resident of Prince George's County, Maryland.

7. Plaintiff Angel Romero is an adult resident of the District of Columbia.

8. Defendant Smith Commons DC, LLC is a District of Columbia corporate entity. Smith Commons DC, LLC does business as Smith Commons, a restaurant located at 1245 H Street NE, Washington, DC 20002. Its registered agent for service of process is Jerome Bailey, 1926 Benning Road NE, Washington, DC 20002.

9. Defendant Jerome Bailey is an adult resident of Maryland. He resides at 7103 Pomander Lane, Chevy Chase, MD 20815. He is the sole owner and member of Defendant Smith Commons DC, LLC. Defendant Bailey holds and exercises authority over the operations of Smith Commons DC, LLC — including its pay practices.

10. Defendant Ronald F. McNeill is an adult resident of Virginia. He resides at 2399 Hunters Square Court, Reston, VA 20191. He exercises control over the operations of Smith Commons DC, LLC — including its pay practices.

11. Defendant Kamal Chanaka is an adult resident of Maryland. He resides at 6311 Landover Road, Apt. T3, Cheverly, MD 20785. He exercises control over the operations of Smith Commons DC, LLC — including its pay practices.

**Factual Allegations Specific to Plaintiff Portillo**

12. Plaintiff Portillo worked at Smith Commons from approximately February 12, 2016 through approximately October 30, 2019.

13. Plaintiff Portillo worked at Smith Commons as a kitchen laborer.

14. Plaintiff Portillo's job duties at Smith Commons primarily consisted of washing dishes, preparing and cooking food, and cleaning the restaurant.

15. Plaintiff Portillo typically and customarily worked six days per week.

16. Plaintiff Portillo typically and customarily worked approximately fifty-seven hours per week.

17. At all relevant times, Plaintiff Portillo was paid by the hour.

18.     Defendants paid Plaintiff Portillo approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Dec. 01, 2016–Jun. 30, 2018 | $13.00 |
| Jul. 01, 2018–Dec. 07, 2018 | $13.25 |
| Dec. 08, 2018–June 30, 2019 | $14.00 |
| Jul. 01, 2019–Sep. 13, 2019 | $15.00 |
| Sep. 14, 2019–Oct. 30, 2019 | $16.00 |

19.     For his first forty hours of work in a workweek, Defendants paid Plaintiff Portillo with a check.

20.     For his hours of work over forty in a workweek, Defendants typically and customarily paid Plaintiff Portillo with cash.

21.     Defendants typically and customarily paid Plaintiff Portillo less than his regular hourly rate for his overtime hours.

22.     Defendants paid Plaintiff Portillo approximately the following rates for hours worked over forty in a workweek:

| Approximate Dates | Overtime Rate |
|---|---|
| Dec. 01, 2016–Jun. 30, 2018 | $10.00 |
| Jul. 01, 2018–Dec. 07, 2018 | $10.00 |
| Dec. 08, 2018–June 30, 2019 | $11.00 |
| Jul. 01, 2019–Sep. 13, 2019 | $12.00 |
| Sep. 14, 2019–Oct. 30, 2019 | $13.00 |

23.     Defendants owe Plaintiff Portillo approximately $28,600.00 in minimum and overtime wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Castaneda Tejada**

24.     Plaintiff Castaneda Tejada worked at Smith Commons from approximately December 1, 2016 through approximately September 8, 2019.

25.     Plaintiff Castaneda Tejada worked at Smith Commons as a kitchen laborer.

26. Plaintiff Castaneda Tejada's job duties at Smith Commons primarily consisted of preparing salads and sauces, washing dishes, running food, and cleaning the restaurant.

27. Prior to January 1, 2019, Plaintiff Castaneda Tejada typically and customarily worked approximately forty-five hours per week.

28. Starting on January 1, 2019, Plaintiff Castaneda Tejada typically and customarily worked approximately twenty-eight hours per week.

29. At all relevant times, Plaintiff Castaneda Tejada was paid by the hour.

30. Defendants paid Plaintiff Castaneda Tejada approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Dec. 01, 2016–Jun. 30, 2017 | $11.50 |
| Jul. 01, 2017–Jun. 30, 2018 | $12.50 |
| Jul. 01, 2018–Jun. 30, 2019 | $13.25 |
| Jul. 01, 2019–Sep. 8, 2019 | $14.00 |

31. For his first forty hours of work in a workweek, Defendants paid Plaintiff Castaneda Tejada with a check.

32. For his hours of work over forty in a workweek, Defendants typically and customarily paid Plaintiff Castaneda Tejada with cash.

33. Defendants typically and customarily paid Plaintiff Castaneda Tejada less than his regular hourly rate for his overtime hours.

34. Defendants paid Plaintiff Castaneda Tejada approximately the following rates for hours worked over forty in a workweek:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Dec. 01, 2016–Jun. 30, 2017 | $9.00 |
| Jul. 01, 2017–Jun. 30, 2018 | $10.00 |
| Jul. 01, 2018–Jun. 30, 2019 | $10.00 |
| Jul. 01, 2019–Sep. 8, 2019 | $11.00 |

35. Defendants owe Plaintiff Castaneda Tejada approximately $5,000.00 in minimum and overtime wages (excluding liquidated damages).

### Factual Allegations Specific to Plaintiff Romero

36. Plaintiff Romero worked at Smith Commons from approximately June 2015 through approximately October 17, 2019.

37. Plaintiff Romero worked as a kitchen laborer.

38. Plaintiff Romero's job duties at Smith Commons primarily consisted of running food, bussing tables, working the grill station in the kitchen, and cleaning the restaurant.

39. Plaintiff Romero typically and customarily worked approximately thirty-one and a half hours per week.

40. At all relevant times, Plaintiff Romero was paid by the hour.

41. Defendants paid Plaintiff Romero approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Dec. 01, 2016–Jun. 30, 2018 | $9.00 |
| Jul. 01, 2018–Oct. 17, 2019 | $14.00 |

42. Defendants owe Plaintiff Romero approximately $8,100.00 in minimum wages (excluding liquidated damages).

### Factual Allegations Specific to Plaintiffs' Claim for Safe and Sick Leave

43. Defendants never provided Plaintiffs with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

44. Plaintiffs lost wages in 2017, 2018, and 2019 because they were sick.

45. At all relevant times, Smith Commons had between fifty and one hundred employees.

46. At all relevant times, Defendants should have provided Plaintiffs with one hour of paid leave for every forty-three hours they worked.

47. Defendants should have provided Plaintiff Portillo with forty hours of paid leave in 2017, 2018, and 2019.

48. Defendants should have provided Plaintiff Castaneda Tejada forty hours of paid leave in 2017 and 2018, and twenty-four hours of paid leave in 2019.

49. Defendants should have provided Plaintiff Romero with thirty-eight hours of paid leave in 2017 and 2018, and thirty-one hours of paid leave in 2019.

50. Defendants owe Plaintiff Portillo approximately $1,720.00 in lost wages and compensatory damages.

51. Defendants also owe Plaintiff Portillo $7,500.00 — $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiff Portillo took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

52. Defendants owe Plaintiff Castaneda Tejada approximately $1,366.00 in lost wages and compensatory damages.

53. Defendants also owe Plaintiff Castaneda Tejada $6,500.00 — $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiff Castaneda Tejada took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

54. Defendants owe Plaintiff Romero approximately $1,440.00 in lost wages and compensatory damages.

55. Defendants also owe Plaintiff Romero $6,675.00 — $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiff Romero took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

**Factual Allegations Specific to Defendants**

56. Defendant Jerome Bailey promoted Kamal Chanaka to Chef at Smith Commons.

57. Defendant Jerome Bailey hired Defendant Ronald F. McNeill as the general manager of Smith Commons.

58. At all relevant times, Defendant Jerome Bailey knew of Smith Commons pay practices and had the authority to control these pay practices.

59. At all relevant times, Defendant Jerome Bailey's was the sole signature authorized on Smith Common's operating account.

60. At all relevant times, all checks issued by Smith Commons were either signed or otherwise authorized by Defendant Jerome Bailey.

61. In order to reduce the number of overtime hours that his staff worked, Defendant Jerome Bailey instructed Defendant Kamal Chanaka on multiple occasions to hire additional kitchen staff.

62. On information and belief, Defendant Jerome Bailey knew that staff at Smith Commons were paid a sub-minimum cash wage for their overtime hours.

63. In approximately December 2019, Defendant Jerome Bailey made the decision to close Smith Commons.

64. Defendant Kamal Chanaka personally hired Plaintiffs.

65. Defendant Kamal Chanaka personally fired Plaintiffs.

66. Defendant Kamal Chanaka set Plaintiffs' work schedules.

67. Defendant Kamal Chanaka participated in the supervision of Plaintiffs.

68. Defendant Kamal Chanaka set and changed Plaintiffs' hourly rate.

69. Defendant Kamal Chanaka handed Plaintiffs their pay.

70. Defendant Ronald F. McNeill participated in the supervision of Plaintiffs.

71. Defendant Ronald F. McNeill prepared the cash payments to be handed to Plaintiffs.

72. On information and belief, Defendant Ronald F. McNeill conceived of and implemented the scheme to pay Plaintiffs a sub-minimum cash wage for their overtime hours.

73. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

74. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

75. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

76. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

77. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty hours in any one workweek.

78. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable D.C. minimum wage.

79. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

80. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

81. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

82. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

83. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

84. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

85. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

86. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

87. Defendants' violations of the FLSA were willful.

88. For their violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

89. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

90. Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

91. The DCMWA requires that employers pay non-exempt employees at least $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

92. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

93. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

94. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

95. Defendants' violations of the DCMWA were willful.

96. For their violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

97. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

98. Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

99. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

100. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

101. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

102. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum and overtime wages.

11

103. Defendants' violations of the DCWPCL were willful.

104. For their violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

## COUNT IV
## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

105. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

106. Each defendant was an "employer" of Plaintiffs within the meaning of the ASSLA. D.C. Code § 32-131.01.

107. The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

108. Defendants violated the ASSLA by not providing Plaintiffs the required paid leave.

109. For Defendants' violations of the ASSLA, Defendants owe Plaintiffs $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiffs took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

110. For their violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiffs' court costs, reasonable attorney's fees and expenses, and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$172,939.50**, and grant the following relief:

    a.    Award Plaintiffs $166,800.00, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiffs $25,195.00, consisting of the following:

        i.    $4,520.00 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.02(e);

        ii.    $20,675.00 in additional damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

    c.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    d.    Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,739.50);

    e.    Award Plaintiffs court costs (currently, $400.00); and

    f.    Award any additional relief the Court deems just.

Date: January 9, 2020　　　　　　　　　　　　　Respectfully submitted,

<p style="margin-left:40%">
<u>/s/ Justin Zelikovitz</u><br>
JUSTIN ZELIKOVITZ, #986001<br>
DCWAGELAW<br>
519 H Street NW<br>
Washington, DC 20001<br>
Phone: (202) 803-6083<br>
Fax: (202) 683-6102<br>
justin@dcwagelaw.com<br><br>
<i>Counsel for Plaintiffs</i>
</p>