UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMILIANO DE JESUS PORTILLO, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 20-49-RC |
| | : | |
| v. | : | Re Document No.:   18 |
| | : | |
| SMITH COMMONS DC, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

<u>**MEMORANDUM OPINION**</u>

**DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**I.  INTRODUCTION**

This matter comes before the Court on Plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).  Plaintiffs, four restaurant employees, seek monetary relief from their former managers for unpaid wage claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et. seq.*, the District of Columbia Minimum Wage Act ("DCMWA"), D.C. Code § 32-1001 *et. seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et. seq.*  Upon review of the record and all relevant documents, the Court will deny Plaintiffs' motion at this time for failure to effect proper service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**II.  FACTUAL BACKGROUND**

Plaintiffs Emiliano De Jesus Portillo, William Castaneda Tejada, Angel Romero, and Johanna Loaeza (collectively "Plaintiffs"), seek default judgment against their former managers, Defendants Ronald F. McNeill, and Kamal Chanaka (collectively "Defendants").  Plaintiffs were employed as kitchen laborers at the restaurant Smith Commons DC, LLC, located at 1926

Benning Road, NE Washington D.C., for various periods from 2015 to 2019.[1]  *See* Am. Compl. ¶ 3–6, ECF No. 7.  During their employment, Plaintiffs performed several functions including food preparation, sanitation, and service.  *See* Pls.' Mot. for Default J. ("Pls.' Mot.") at 2, ECF No. 18.  Plaintiffs assert that Defendants routinely failed to pay them minimum as well as overtime wages, and also refused to provide for paid safe and sick leave.  *See* Am. Compl. ¶ 2.  Plaintiffs allege that despite often working over 40 hours a week, Defendants failed to pay overtime wages calculated at one and a half times Plaintiffs' typical hourly rate.  *See* Pls.' Mot at 2.  Instead, Defendants paid Plaintiffs in cash, at a rate below Plaintiffs' typical hourly rate for overtime hours.  *Id.*

On January 9, 2020, Plaintiffs Portillo, Romero, and Tejada filed suit against the restaurant Smith Commons, its owner Jerome Bailey, and managerial employees Mr. McNeill and Mr. Chanaka.  *See* Compl. ¶ 2.  Plaintiffs' counsel served a copy of the original complaint and summons on all Defendants.  *See* Serv. Doc., ECF No. 2–6 (noting service completed by January 22, 2020 as to all Defendants).  On January 30, 2020, Plaintiffs filed an amended complaint which joined Plaintiff Loaeza to the suit.  *See* Am. Compl. ¶¶ 3, 6.  The amended complaint added new claims for unpaid minimum and overtime wages by Plaintiff Loaeza against all Defendants.  *Id.* at 6–7.  However, neither the docket nor any other portion of the record reflects service of Plaintiffs' amended complaint.

---

[1] Plaintiff Portillo worked at Smith Commons from approximately February 12, 2016, through October 31, 2019.  *See* Pls.' Mot. at Ex. A ("Portillo Decl.") ¶ 3, ECF No. 18-1.  Plaintiff Tejada worked at Smith Commons from approximately December 30, 2016, through September 19, 2019.  *See* Pls.' Mot. at Ex. B ("Tejada Decl.") ¶ 3, ECF No.18-2.  Plaintiff Romero worked at Smith Commons from approximately June 2015 through October 17, 2019.  *See* Pls.' Mot. at Ex. C ("Angel Decl.") ¶ 3, ECF No.18-3.  Plaintiff Loaeza worked at Smith Commons from approximately October 5, 2018, through October 31, 2019.  *See* Pls.' Mot. at Ex. D ("Loaeza Decl.") ¶ 3, ECF No. 18-4.

On May 22, 2020, Plaintiffs voluntarily dismissed their claims against Defendants Bailey and Smith Commons, leaving only the two Smith Commons managers, Defendants Chanaka and McNeill, remaining as Defendants in the action. *See* Notice Vol. Dismissal at 1, ECF No. 10. As such, Plaintiffs' motion for default judgment is brought against only Defendants Chanaka and McNeill. *See* Pls.' Mot. at 2.

Defendants have not responded to the litigation in any capacity. On August 7, 2020, after Defendants failed to respond to the ongoing litigation, the Clerk entered default as to both Defendants. *See* Clerk's Entries of Default, ECF No. 15–16. Presently, Plaintiffs seek default judgment only on their claims for unpaid wages, brought under the FLSA. *See* Pls.' Mot. at 2. But Plaintiffs base their motion for default on Defendants' failure to respond to the original complaint—not the operative amended complaint. *Id.* at 6 (citing to service of the original complaint). Additionally, both the requests for entry of default and the subsequent entries of default were entered as to only the original complaint. *See* Clerk's Entries of Default.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs default judgment procedures. Fed. R. Civ. P. 55. Rule 55(a) permits entry of default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Accordingly, Rule 55 sets out a two-step procedure a plaintiff must follow to obtain a default judgment. *See Bricklayers & Trowel Trades Int'l Pension Fund v. Kafka Constr., Inc.*, 273 F. Supp. 3d 177, 179 (D.D.C. 2017). First, the plaintiff must request that the Clerk of the Court enter default against the nonresponsive party. *Id.* Second, the plaintiff must move for entry of default judgment. *Id.* Upon entry of default, the defaulting defendant is deemed to have admitted every "well-pleaded allegation in the complaint." *AARP v.*

3

*Sycle,* 991 F. Supp. 2d 234, 238 (D.D.C. 2014) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008)).  As a result, default judgments are disfavored, as "modern courts are . . . reluctant to enter and enforce judgments unwarranted by the facts."  *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980).  This is because strong policy interests support the resolution of cases based on their merits, as it seems "inherently unfair" to use the court's power to issue judgments as a penalty for filing delays.  *Id.*  As such, the determination of whether default judgment is proper is committed to the discretion of the trial court.  *Int'l Painters*, 531 F. Supp. 2d at 57 (citing *Jackson*, 636 F.2d at 836).

Practically, this means that entry of default judgment is not automatic.  *Mwani v. Osama Bin Laden*, 417 F. 3d 1, 6 (D.C. Cir. 2005).  As a preliminary matter, a court must assure itself that it has personal jurisdiction over the absent defendant.  *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 74 (D.D.C. 2017).  Service of process is the means by which a court asserts jurisdiction, thus, it is uniformly held that a default judgment cannot be issued where the requirements of proper service have not been satisfied.  *See Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 84 (D.D.C. 2009) (citing *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987)).  Consequently, before a court can exercise personal jurisdiction over a defendant and issue a default judgment, the procedural requirement of proper service of summons must be satisfied to confirm that proper notice has been provided to the defendant.  *See Toms v. Hantman*, 530 F. Supp. 2d 188, 190 (D.D.C. 2008).  The Court will accordingly begin its analysis by evaluating the adequacy of the service of process on the Defendants.

## IV.  ANALYSIS

Plaintiffs have moved for default judgment in light of Defendants' failure to respond to the original complaint.  While a default judgment can be entered against unresponsive parties

4

who have failed their obligation to respond, the obligation to respond is not triggered until proper service is actually effectuated. *See Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) (finding that "although default may be entered upon a defendant's failure to plead or otherwise defend . . . a defendant's obligation to respond to a complaint arises *only upon service of the summons and complaint*") (emphasis added); *see also Judd v. FCC*, 276 F.R.D. 1, 5 (D.D.C. 2011) (denying motion for default judgment because defendant agencies had no obligation "to plead or otherwise respond" in the absence of service of process).

Although the original complaint was properly served on the Defendants, and a certificate of default was issued by the Clerk of Court following their failure to respond to the original complaint, *see* Serv. Doc.; *see also* Clerk's Entries of Default (filed August 7, 2020), the complaint had already been amended by the time Plaintiffs moved for a certificate of default. *See* Am. Compl. (filed January 30, 2020). And upon review of the record, the Court finds that Plaintiffs have failed to provide any evidence that they properly effected service of their amended complaint. Under Federal Rule of Civil Procedure Rule 5(a), service is required for any pleading filed after the original complaint. Fed. R. Civ. P. 5(a)(1)(B). While Rule 5(a)(2) does provide an exception under which no service is required on parties who are in default for failing to appear, this exception does not apply when an amended pleading adds a new party to the action or asserts new claims for relief against the defaulting parties. Fed. R. Civ. P. 5(a)(2). For the subsequent reasons, the Court believes Plaintiffs' amended complaint falls outside the exception of Rule 5(a)(2), and is subject to the service requirement of Rule 5(a).

When an amended complaint simply restructures the pleading or adds context to the facts alleged, service on a defaulting party is not required under Rule 5(a)(2). *See, e.g.*, *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 46 (D.D.C. 2006) (service not necessary where

amended complaint simply put defendants on notice that plaintiffs' claims were grounded in state law); *Maalouf v. Islamic Republic of Iran*, No. 16-cv-0280, 2021 WL 230134, at *4 (D.D.C. Jan. 22, 2021) (no service required where amended complaint rephrased facts alleged elsewhere in the complaint, grounded causes of action in D.C. law, and incorporated discussions of prior court decisions). However, when new parties, claims, or substantive factual changes are added to an amended complaint, service on the defaulting party is required under Rule 5(a) of the Federal Rules of Civil Procedure. *See Strange v. Islamic Republic of Iran*, No. 14-cv-435, 2016 WL 10770678, at *4 (D.D.C. May 06, 2016) (requiring service of an amended complaint when plaintiffs added four new claims not previously alleged in the original complaint); *Belkin v. Islamic Republic of Iran,* 667 F. Supp. 2d 8, 20 (D.D.C. 2009) (finding that service was not required when plaintiff's amended complaint "did not substantially change the allegations in the original complaint, and did not add new defendants").

      In the instant case, this Court finds Plaintiffs' amended complaint to be substantially different from the original complaint in several respects, such that service is required under Rule 5(a)(2). First, the amended complaint adds a new plaintiff to the action who asserts independent claims for relief. *See* Am. Compl. ¶¶ 3, 6; *see also Lemon Tree Dev. LLC v. Philopatyr Corp.*, No. 10-cv-5228, 2011 WL 6396624, at *2 (E.D.N.Y. Dec. 20, 2011) (discussing how "caselaw teaches that having amended [a] complaint and added new parties, [a] plaintiff should not . . . be permitted to pursue a default judgment on the original pleading"). Second, the amount of damages sought by the Plaintiffs in the amended complaint, exceeds the amount of damages requested in the original complaint by $63,000. *Compare* Compl. at 13 ($172,939.50) *with* Am. Compl. at 15 ($236,040.20). *See Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino,* No. 09-cv-01589, 2010 WL 2219595, at *5 (N.D. Cal. June 2, 2010) (noting default

6

judgment was inappropriate in part due to differences in the original complaint which sought damages for a shorter period of time, and the amended complaint, which extended the period and was not properly served on defendants); *see also* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Third, new facts not previously alleged in the original complaint are raised in the amended complaint with respect to Plaintiff Loaeza.[2] *See* Am. Compl. ¶¶ 3, 6. The incorporation of these facts, which serve as the basis for Plaintiff Loaeza's new unpaid minimum and overtime wages claims, also require renewed service under Rule 5(a)(2). *See JBR, Inc. v. Cafe Don Paco, Inc.*, No. 12-cv-02377, 2014 WL 5034292, at *1 (N.D. Cal. Sep. 30, 2014) (concluding that addition of new factual allegations, *without addition of new claims*, does not require service) (emphasis added). For these reasons, this Court concludes that service of the amended complaint is required under Rule 5(a) of the Federal Rules of Civil Procedure. Fed. Civ. P. 5(a)(1)(B).

Furthermore, even setting aside the service issue, Plaintiffs' present motion must still be denied. This Court has previously held that when a motion for default judgment is based upon a complaint that "no longer forms the basis in [a] litigation," the motion cannot proceed. *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 697 F. Supp. 2d 46, 55 (D.D.C. 2010). When Plaintiffs amended the original complaint, the amended complaint became the operative complaint in the litigation. *See Pinson v. United States DOJ*, 69 F. Supp. 3d 108, 113 (D.D.C. 2014) (stating that "[i]t is well established that once an amended complaint is filed, it supersedes the original complaint, thereby making the first complaint . . . devoid of any legal effect and making the new complaint the operative document"). Yet here, Plaintiffs incorrectly assert that

---

[2] New facts include Plaintiff Loaeza's employment start and end dates, job functions, pay rate, and wages owed. *See* Am. Compl. ¶ 44–55.

7

Defendants' failure to respond to the original complaint entitles them to default judgment. *See* Pls.' Mot. at 6. But the default request submitted to the Clerk of this Court was only in regard to the original complaint, not the amended complaint, and Plaintiffs' have not shown that Defendants have failed to plead or defend as to the operative amended complaint, as required. *See* Fed. R. Civ. P. 55(a). Consequently, Plaintiffs have erroneously relied upon the original complaint, which has no legal effect in the present litigation, and does not require a response by the Defendants. As a result, the Court finds that entry of a default judgment would be improper under these circumstances.

Accordingly, in the absence of proper service of process, and due to Plaintiffs' reliance on the original complaint as the basis for their motion, this Court cannot enter default judgment against Defendants Chanaka and McNeill at this time.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is **DENIED**. Plaintiffs must serve Defendants Chanaka and McNeill a copy of the First Amended Complaint and summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Should the Defendants continue to engage in unresponsive behavior, Plaintiffs may refile their motion for default judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 2, 2021                                         RUDOLPH CONTRERAS
                                                                                   United States District Judge