UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| EMILIANO DE JESUS PORTILLO, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 20-49 (RC) |
| | : | | |
| v. | : | Re Document No.: | 21 |
| | : | | |
| SMITH COMMONS DC, LLC, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

### I.  INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for reconsideration of this Court's order that service of process be effected on Defendants pursuant to Federal Rule of Civil Procedure Rule 4.  Plaintiffs, four restaurant employees, seek monetary relief from their former managers for unpaid wage claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*, the District of Columbia Minimum Wage Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*  Upon review of the record and all relevant documents, this Court will deny Plaintiffs' motion for reconsideration.

### II.  FACTUAL BACKGROUND

Plaintiffs Emiliano De Jesus Portillo, William Castaneda Tejada, Angel Romero, and Johanna Loaeza (collectively "Plaintiffs"), seek reconsideration of this Court's order requiring Plaintiffs to effect service of process on their former managers, Defendants Ronald F. McNeill and Kamal Chanaka (collectively "Defendants") under Federal Rule of Civil Procedure 4. Plaintiffs were employed as kitchen laborers at the restaurant Smith Commons DC, LLC and

assert that Defendants routinely failed to pay them minimum as well as overtime wages, and also refused to provide for paid sick leave. *See* Am. Compl. ¶¶ 13–55, ECF No. 7.

On January 9, 2020, Plaintiffs Portillo, Romero, and Tejada filed suit against the restaurant Smith Commons, its owner Jerome Bailey, and managerial employees Mr. McNeill and Mr. Chanaka. *See* Compl., ECF No. 1. Plaintiffs' counsel served a copy of the original complaint and a summons on all Defendants. *See generally* ECF Nos. 2–6 (noting service completed by January 21, 2020 as to all Defendants). On January 30, 2020, Plaintiffs filed an amended complaint which joined Plaintiff Loaeza to the suit. *See* Am. Compl. ¶¶ 8, 44–55. However, neither the docket nor any other portion of the record reflects service of Plaintiffs' amended complaint.

On May 22, 2020, Plaintiffs voluntarily dismissed their claims against Defendants Bailey and Smith Commons, leaving only the two Smith Commons managers, Chanaka and McNeill, as Defendants in the action. *See* Notice Vol. Dismissal, ECF No. 10. Defendants Chanaka and McNeill have not responded to the litigation in any capacity. On August 7, 2020, after Defendants failed to respond to the ongoing litigation, the Clerk entered default as to both Defendants. *See* Clerk's Entries of Default, ECF Nos. 15–16.

Thereafter, Plaintiffs filed a motion for default judgment against Defendants on their claims for unpaid wages. *See* Pls.' Mot. for Default J. ("Pls.' Mot.") at 2, ECF No. 18. But Plaintiffs based their motion for default on Defendants' failure to respond to the original complaint—not the operative amended complaint. *Id.* at 6 (citing to service of the original complaint). Additionally, both the requests for entry of default and the subsequent entries of default were entered as to only the original complaint. *See* Aff. Supp. Default, ECF No. 12; Clerk's Entries of Default. This Court denied Plaintiffs' motion for default judgement for failure

2

to effect proper service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure as required by Rule 5(a)(2). *Portillo v. Smith Commons DC, LLC*, No. 20-cv-49-RC, 2021 WL 3287741, at *1 (D.D.C. Aug. 2, 2021). Now, Plaintiffs file a motion for reconsideration with hopes that this Court will grant them leave to effect service of process under Federal Rule of Civil Procedure 5 as opposed to Rule 4, noting that all Defendants received a summons when service of the original complaint was effectuated. Pls.' Mot. Reconsideration ("Recons. Mot.") at 1, ECF No. 21.

### III. LEGAL STANDARD

A court may reconsider any interlocutory order under Rule 54(b) "as justice requires," *Capitol Sprinkler Inspection, Inc. v. Guest Servs.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (internal quotations omitted), but "[i]n this District, that abstract phrase is interpreted narrowly," *In re Rail Freight Fuel Surcharge Antitrust Litig. (No. II)*, No. 20-mc-00008, 2021 WL 1909777, at *5 (D.D.C. May 12, 2021) (internal quotations omitted). Reconsideration may be appropriate "when a court has 'patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or where a controlling or significant change in the law has occurred.'" *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 80 (D.D.C. 2015) (quoting *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 268 (D.D.C. 2012)). "The burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *Westrick*, 893 F. Supp. 2d at 268.

## IV.  ANALYSIS

"Valid service of process 'is necessary to assert personal jurisdiction over a defendant' and it 'also notifies the defendant that a party has commenced legal action against it.'" *Judd v. FCC*, 276 F.R.D. 1, 5 (D.D.C. 2011) (quoting *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 65 (D.D.C. 2011)).  In the present case, this Court must determine the appropriate rule governing how that service of process must be made.  Therefore, the Court will first evaluate Federal Rule of Civil Procedure 5(a)(2) to determine whether Plaintiffs are at liberty to effect service of process under Rule 5.  It will then determine whether Plaintiffs must include a summons with their first amended complaint when effecting service of process on Defendants.

### A.  Service Under Rule 5

Federal Rule of Civil Procedure 5 governs the service of certain papers other than the complaint, including "a pleading filed after the original complaint."  Fed. R. Civ. P. 5(a)(1)(B). Rule 5(a)(2) provides guidance on service of those papers for parties who are in default,[1] stating, "[n]o service is required on a party who is in default for failing to appear.  But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2).  While the service exception contained in the first sentence of Rule 5(a)(2) could potentially alleviate a plaintiff of the burden of service for an amended complaint altogether, its second provision contains an important carve-out: that "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."  *Id.*  The

---

[1] For Rule 5(a)(2) to apply, "[a] court need not have adjudicated a party as being 'in default.'  Any party who has failed to appear is a party 'in default for failure to appear' for the purposes of the rule."  *Anunciation v. W. Cap. Fin. Servs. Corp.*, 97 F.3d 1458, 1996 WL 534049, at *1 (9th Cir. 1996) (unpublished table decision); *see also Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 n.3 (11th Cir. 1982); 4B Wright & Miller, Federal Practice and Procedure: Civil § 1146 (2021).

Court held that Plaintiffs' amended complaint contained "substantial[]" changes, including the addition of "*new* unpaid minimum and overtime wages *claims*" totaling roughly $63,000, which removed the amended complaint from the service exception in the first clause of Rule 5(a)(2) and brought it within the scope of Rule 5(a)(2)'s second provision, which mandates service under Rule 4. *Portillo*, 2021 WL 3287741, at *3 (emphases added). Plaintiffs do not argue that no service is required or that the Court erred in treating the Amended Complaint as within the scope of Rule 5(a)(2)'s second provision, only that service of the amended complaint may be effected under Rule 5, without a summons. *See* Recons. Mot. at 1 ("Plaintiffs move the Court to reconsider its order and to require compliance with Rule 5 (instead of Rule 4) by serving Defendants with the first amended complaint.").

      The plain text of Rule 5(a)(2) forecloses Plaintiffs' suggestion. When a pleading falls under the second provision of Rule 5(a)(2), the text of that provision triggers Rule 4 for the pleadings in question.[2] Fed. R. Civ. P. 5(a)(2). The fact that Rule 5(a)(2) triggers Rule 4 when an amended complaint is substantively different from the original is not merely an exercise in placing "form over substance." *Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008). Rather, it "ensures that a party, having been served, is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served." *Id.* This requirement also makes sense given that

---

[2] Plaintiffs' request to effect service of process under Rule 5 may have been permissible "if the original complaint [was] properly served *and the defendant [] appeared in the first instance*." *Bricklayers & Allied Craftworkers Loc. Union No. 3 v. Palomino*, No. C09-01589, 2010 WL 2219595, at *3 (N.D. Cal. June 2, 2010) (alterations in original) (quoting *Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 995–96, 999 (9th Cir. 2007)). However, the Court made clear that Defendants have not made an appearance, and that Rule 5(a)(2) applies to Plaintiffs' amended complaint. *Portillo*, 2021 WL 3287741, at *3. And Plaintiffs have not taken issue with either of those determinations. Recons. Mot. at 1.

Rule 5's acceptable methods for service are more lenient than Rule 4's, such as by allowing for service on an attorney, through electronic court filing, or mailing to the party's last known address.  *See* Fed. R. Civ. P. 5(b).  Plaintiffs must therefore comply with the more stringent standards of service under Rule 4 when serving the amended complaint.[3]

### B. Whether Service Under Rule 4 Requires Service of a New Summons

The more stringent service standards of Rule 4 must undoubtedly be met when serving the amended complaint on Defendants, but Plaintiffs also question whether it is necessary to serve a new summons alongside the amended complaint.  Recons. Mot. at 1.  Their confusion on this point is understandable.  Prior to 2007, Rule 5(a) read in relevant part: "No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them *in the manner provided for service of summons* in Rule 4."  Fed. R. Civ. P. 5(a) (2006) (emphasis added).  Moreover, the Advisory Committee on Rules of Civil Procedure stated in its "Committee Notes on Rules—2007 Amendment" that the changes to Rule 5 were made "as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules" and that "[t]hese changes are intended to be stylistic only."  Advisory Comm. Notes to Fed. R. Civ. P. 5 (emphasis added).  In sum, Rule 5 could have been understood to require plaintiffs to adhere to the more stringent standards for service of process set out in Rule 4 when serving an amended complaint on defendants—but not to require that a new summons be served along with the amended complaint.

---

[3] Rule 4 also sets a 90-day time limit for service of the summons and complaint, which may be extended for good cause.  Fed. R. Civ. P. 4(m).  In light of the Court's present clarification on the issue of service and in the interest of judicial efficiency, the Court extends the time to effectuate service of the Amended Complaint under Rule 4(m) for 90 days from the date of this opinion and order.

However, case law preceding the amendment suggests that a new summons was in most instances required even prior to the change in the language. *See Anunciation v. W. Cap. Fin. Servs. Corp.*, 97 F.3d 1458, 1996 WL 534049, at *2 (9th Cir. 1996) (unpublished table decision) ("[W]hen a plaintiff seeks to serve an amended complaint that alleges new claims on a defendant who has not appeared, the combination of Rules 4 and 5 require a summons to be served together with a copy of the amended complaint."); *Osrecovery, Inc. v. One Group Int'l, Inc.*, 234 F.R.D. 59, 62 (S.D.N.Y. 2005) ("The requirement under Rule 4 that 'a summons shall be served together with a copy of the complaint' is unambiguous."); *Patel v. Dameron Hosp.*, No. Civ S–99–1275, 2000 WL 35619441, at *4 & n.2 (E.D. Cal. June 23, 2000) (stating generally that when Rule 5(a)(2) triggers Rule 4, a summons must be served together with a copy of the amended complaint).

In light of the history and the current text of Rule 5, it is clear that Rule 5(a)(2) mandates that "a new summons must be served with the amended complaint." *In re Kutrubis*, 486 B.R. 895, 900 (N.D. Ill.), *aff'd*, 550 F. App'x 306 (7th Cir. 2013) (citing Fed. R. Civ. P. 5(a)(2)). Accordingly, this Court cannot grant Plaintiffs' motion for reconsideration, and will require Plaintiffs to serve the amended complaint and summonses on the Defendants in accordance with Rule 4.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is **DENIED.**  Plaintiffs must serve Defendants Chanaka and McNeill with copies of the First Amended Complaint and summonses pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Should the Defendants continue to engage in unresponsive behavior, Plaintiffs may refile their motion for default

judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: December 16, 2021                                          RUDOLPH CONTRERAS
                                                                  United States District Judge