## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMILIANO DE JESUS PORTILLO, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 20-49 (RC) |
| | : | |
| v. | : | Re Document No.: 32 |
| | : | |
| SMITH COMMONS DC, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM OPINION</u>

## GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiffs, four restaurant employees, seek monetary relief from their former managers for unpaid wage claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et. seq.*, the District of Columbia Minimum Wage Act ("DCMWA"), D.C. Code § 32-1001 *et. seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et. seq.*[1] Plaintiffs move for a default judgment in the amount of $51,874.30 comprised of the following sums: $35,161.52 in unpaid wages and liquidated damages, and $16,174.00 in attorney's fees, and $284.84 in costs. Upon review of the record and all relevant documents, the Court **GRANTS** Plaintiffs' motion, as they have met their burden. However, the Court adjusts the damages award to correct several

---

[1] Plaintiffs requested unpaid safe and sick leave damages pursuant to the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA") in the Amended Complaint. *See* First Am. Compl. at 15, ECF No. 7. However, they have not calculated or moved for damages in the present motion for default judgment, therefore, the Court will not consider damages for unpaid safe and sick leave. *See generally* Pls.' Mot. for Default J., ECF No. 32

calculation errors.[2]  Accordingly, judgment will be entered against Defendants in the amount of

$33,705.12, plus an additional $15,618.44 in attorneys' fees and costs.

## II. FACTUAL BACKGROUND

Plaintiffs Emiliano De Jesus Portillo, William Castaneda Tejada, Angel Romero, and

Johanna Loaeza (collectively "Plaintiffs"), seek default judgment against their former managers,

Defendants Ronald F. McNeill and Kamal Chanaka (collectively "Defendants").  Plaintiffs were

employed as kitchen laborers at the restaurant Smith Commons DC, LLC, located in

Washington, D.C., for various periods from 2015 to 2019.  *See* First Amended Compl. ("Am.

Compl.") ¶¶ 9, 13, 25, 37, 44, ECF No. 7.  During their employment, Plaintiffs performed

several functions including food preparation, sanitation, and service.  *See* Pls.' Mot. for Default

J. ("Pls.' Mot. II") at 2, ECF No. 32.  Plaintiffs assert that Defendants routinely failed to pay

them adequate minimum wage and overtime wages.  See Am. Compl. ¶ 2.  Also, Plaintiffs allege

that despite frequently working over 40 hours a week, they were paid in cash at a rate below their

hourly rate instead of Defendants appropriately paying overtime wages calculated at one and a

half times Plaintiffs' regular hourly rate.  *See* Pls.' Mot. II at 2.

On January 9, 2020, Plaintiffs Portillo, Romero, and Tejada filed suit against the

restaurant Smith Commons, its owner Jerome Bailey, and managerial employees Mr. McNeill

and Mr. Chanaka.  *See* Compl. ¶¶ 2, 9, 10, 11, ECF No. 1; *id.* at 14.  Plaintiffs' counsel served a

copy of the original complaint and summons on all Defendants.  *See* Serv. Doc., ECF Nos. 2–6

(noting service completed by January 22, 2020, as to all Defendants).  On January 30, 2020,

---

[2] The Court notes that this is Counsel's second unpaid wage suit before this Court with erroneous calculations, which hinders the Court's ability to efficiently resolve these matters.  *See Zaldaña v. Morrogh*, No. 20-cv-3810, 2022 WL 203471, at *6 (D.D.C. Jan. 24, 2022).  The Court encourages counsel to be more precise with damages calculations that are filed with the Court in the future.

Plaintiffs filed an amended complaint which joined Plaintiff Loaeza to the suit.  *See* Am. Compl. ¶ 8.  The amended complaint added new claims for unpaid minimum and overtime wages by Plaintiff Loaeza against all Defendants.  *Id*. ¶¶ 52–55.

On May 22, 2020, Plaintiffs voluntarily dismissed their claims against Defendants Bailey and Smith Commons, leaving only the two Smith Commons managers, Mr. Chanaka and Mr. McNeill, remaining as Defendants in the action.  *See* Notice Vol. Dismissal at 1, ECF No. 10. As such, Plaintiffs' Motion for Default Judgment is brought against only Defendants Mr. Chanaka and Mr. McNeill.  *See* Pls.' Mot. II at 2.[3]

On August 7, 2020, after eight months elapsed without the Defendants responding to the ongoing litigation, the Clerk entered default as to both Defendants.  *See* Clerk's Entries of Default, ECF Nos. 15–16.  Plaintiffs sought default judgment on their claims, but the Court denied such relief because Plaintiffs had failed to effect proper service of process of the amended

---

[3] A payment made by defendants "in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors" regardless of whether or not the settled defendants are liable to the plaintiff.  Restatement 2d of Torts § 885 (1979).  The remaining defendants are entitled to a credit to offset the damages even if the settled defendants were not found joint and severally liable because under the "one satisfaction rule" a plaintiff is limited to "one recovery for a single injury."  *Berg v. Footer*, 673 A.2d 1244, 1249 (D.C. 1996); *see United States v. Honeywell Int'l, Inc.*, 502 F. Supp. 3d 427, 484 (D.D.C. 2020); *Snowden v. D.C. Transit Sys., Inc.*, 454 F.2d 1047, 1048 (D.C. Cir. 1971).  But this must be raised as an affirmative defense by the remaining defendants.  *See, e.g.*, *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010) (finding that plaintiff's settlement with one defendant "merely gives the remaining defendants a possible defense that, should they be found liable, [plaintiff] is precluded from recovering additional compensatory damages from them" if the settlement fully compensated the plaintiff's injury).  However, Defendants' default demonstrates that they failed to raise this affirmative defense, therefore, the Court will not address this issue further.

Additionally, in a similar case where two of the defendants were dismissed before entry of final judgment, the court allowed plaintiff's counsel to adjust the attorney's fees and costs down to account for excluding the time spent on work regarding the dismissed defendants.  *See Al-Quraan v. 4115 8th St. NW, LLC*, 123 F. Supp. 3d 1, 3 (D.D.C. 2015).  Here, such an adjustment would not be necessary because the attorney's fees and costs did not begin until June 2020, while the claims against the other defendants were dismissed in May 2020.  In considering both of these issues, it is not necessary to alter the damages analysis in this case.

complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.  *See generally* Pls.' Mot.
for Default J., ECF No. 18; *Portillo v. Smith Commons DC, LLC*, No. 20-cv-49, 2021
WL3287741, at *1–4 (D.D.C. Aug. 2, 2021).  As a result, Plaintiffs filed a motion for
reconsideration requesting that the Court allow them to effect service of process pursuant to
Federal Rule of Civil Procedure 5 as opposed to Rule 4, because Defendants received a summons
when service of the original complaint was effectuated.  *See* Pls.' Mot. Reconsideration
("Recons. Mot.") at 1, ECF No. 21.  The Court denied the Motion for Reconsideration on the
grounds that Rules 4 and 5 require a new summons to be served under the circumstances with the
amended complaint.  *Portillo v. Smith Commons DC, LLC*, No. 20-cv-49, 2021 WL 5987007, at
*4 (D.D.C. Dec. 16, 2021).

Accordingly, Plaintiffs properly served the amended complaint and summons on both
Defendants in January 2022.  *See* Affidavit of Process Server ("Aff. of Process Server for
Chanaka"), ECF No. 26; Affidavit of Process Server ("Aff. of Process Server for McNeill"),
ECF No. 27.  Despite that service, Defendants have still failed to appear or file an answer.  On
May 3, 2022, Plaintiffs filed an Affidavit in Support of Default, requesting that the Clerk of
Court enter default against Defendants.  Aff. in Supp. of Default, ECF No. 28.  The Clerk
entered default as to both Defendants on May 4, 2022.  *See* Clerk's Entries of Default, ECF. Nos.
30–31.  Now, after entry of default, Plaintiffs have renewed their motion for default judgment
against Defendants Mr. McNeill and Mr. Chanaka pursuant to Federal Rule of Civil Procedure
55(b)(2).  *See generally* Pls.' Mot. II.  Because Defendants have remained unresponsive to both
the Clerk's default and Plaintiffs' Motion for Default Judgment, Default Judgment will be
entered against Defendants Mr. McNeill and Mr. Chanaka.

### III. LEGAL STANDARD

Plaintiffs seek a default judgment based on Defendants' failure to respond.  The Court may appropriately enter a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure if Defendants are an "'essentially unresponsive party' whose default is 'plainly willful, reflected by its failure to respond to the summons or complaint, the entry of default, or the motion for default judgment.'"  *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 12 (D.D.C. 2013) (citation omitted).

After the Court grants a default judgment to establish a defendant's liability, the court is still "required to make an independent determination of the sum to be awarded unless the amount of damages is certain."  *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002).  To make such a determination, a court has discretion to not conduct an evidentiary hearing if it can establish a basis for the damages amount through detailed affidavits or other documentary evidence.  *Buckley v. Paperboy Ventures, LLC*, 869 F. Supp. 2d 9, 11 (D.D.C. 2012); *see also Int'l Painters*, 239 F. Supp. 2d at 30 (noting that an evidentiary hearing may not be necessary if damages can "be calculated with relative simplicity").  Because it is satisfied that Plaintiffs have established a basis for the requested damages amount through detailed affidavits and other documentary evidence, the Court will determine liability and damages without holding an evidentiary hearing.

### IV. ANALYSIS

#### A.  Liability

The Court will enter default judgment only if the defendant is a "'totally unresponsive' party who[] . . . demonstrates plainly willful behavior."  *Sanchez v. Devashish Hosp., LLC*, 322 F.R.D. 32, 36 (D.D.C. 2017) (citing *Boland v. Yoccabel Constr. Co.*, 293 F.R.D. 13, 17 (D.D.C.

2013)).  Thus, when a defendant makes no attempt to "set aside the default" or disclose a "meritorious defense," the threshold for default judgment has been met.  *See id.* (citation omitted).  Moreover, a default judgment "establishes the defaulting party's liability for the well-pleaded allegations of the complaint."  *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011).  Defendants were summoned and properly served by January 27, 2022.  *See* Summons, ECF No. 25; Aff. of Process Server for Chanaka; Aff. of Process Server for McNeill.  Given that both Mr. Chanaka and Mr. McNeill have failed to respond to the Summons, Amended Complaint, Entry of Default, or Plaintiffs' Second Motion for Default Judgment, the Court accepts Plaintiffs' well-pleaded allegations in the Amended Complaint and the statements in their affidavits as conceded.  Thereby, the Court finds entering a default judgment against Defendants appropriate and finds them to be jointly and severally liable.  *See Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 34–35 (D.D.C. 2010) ("[I]f the facts establish that the employee is employed jointly by two or more employers, . . . all joint employers are responsible, both individually and jointly, for compliance with all the applicable provisions of the [FLSA] . . . and by extension the DCWPCL." (citations omitted)).

First, Plaintiffs allege that Defendants are "employers" subject to FLSA, DCWPCL, and DCMWA liability.  *See* Am. Compl. ¶¶ 72–73, 80–98, 100, 106, 114, 122; *see also* 29 U.S.C. § 203(d); D.C. Code §§ 32-1002(3), 32-1301(1B).  The amended complaint makes clear that Defendants managed the restaurant where the Plaintiffs worked and that they controlled employee pay rates and overtime policies.  Am. Compl. ¶¶ 80–92. Therefore, the Defendants qualify as Plaintiffs' "employer" under the broad definition of the term in each statute.  *See* 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee" under the FLSA); D.C. Code §§ 32-1002(3) (setting a

similar definition for the DCMWA), *id.* § 32-1301(1B) (including "individuals" in the definition

of employer under the DCPWCL); *see also Ayala v. Tito Contractors, Inc.*, 82 F. Supp. 3d 279,

288 (D.D.C. 2015) (noting that the broad test to determine if a defendant is an employer under

the FLSA requires the court to assess "'whether the alleged employer (1) had the power to hire

and fire the employees, (2) supervised and controlled employee work schedules or conditions of

employments, (3) determined the rate and method of payment, and (4) maintained employment

records'" (citation omitted)); *Serrano v. Chicken-Out, Inc.*, 209 F. Supp. 3d 179, 189

("[D]eterminations of employer or employee status under the FLSA apply equally under the

District of Columbia wage laws." (quoting *Thompson v. Linda And A., Inc.*, 779 F. Supp. 2d 139,

146 (D.D.C. 2011))); *Ventura,* 738 F. Supp. 2d at 35 n.19 ("Because the DCWPCL and FLSA

contain nearly identical provisions with respect to employers' liability, the DCWPCL is

construed consistently with the FLSA.").

Second, Plaintiffs allege they are "employees" under the above-mentioned statutes.

Under the FLSA, "the term 'employee' means any individual employed by an employer" and to

"'[e]mploy' includes to suffer or permit to work."  29 U.S.C. §§ 203(e)(1), (g).  Further,

"employee" is defined nearly identically under the DCWPCL and DCMWA.  *See* D.C. Code

§ 32-1301(2) ("'Employee' shall include any person suffered or permitted to work by an

employer."); D.C. Code § 32-1002(2) ("The term 'employee' includes any individual employed

by an employer . . . .").

Because these statutory definitions are broad, the Court uses the "economic reality" test

to determine employment status, which "considers the extent to which typical employer

prerogatives govern the relationship between the putative employer and employee."  *Zaldaña*,

2022 WL 203471, at *4 (quoting *Gallagher v. Eat to the Beat, Inc.*, 480 F. Supp. 3d 79, 86

(D.D.C. 2020)).  The factors considered in the analysis of the economic reality of the employer-

employee relationship include:

> [W]hether the alleged employer (1) had the power to hire and fire the employees,
> (2) supervised and controlled employee work schedules or conditions of
> employment, (3) determined the rate and method of payment, (4) maintained
> employment records . . . [as well as] [5] the degree of control exercised by the
> employer over the workers, [6] the workers' opportunity for profit or loss and their
> investment in the business, [7] the degree of skill and independent initiative
> required to perform the work, [8] the permanence or duration of the working
> relationship and [9] the extent to which the work is an integral part of the
> employer's business.

*Gallagher*, 480 F. Supp. 3d at 86 (quoting *Morrison v. Int'l Programs Consortium, Inc.*, 253

F.3d 5, 11 (D.C. Cir. 2001)).  Here, Plaintiffs assert they were hired and fired by Defendants,

Am. Compl. ¶¶ 80–81, 89, that they were paid and supervised by Defendants, *id.* ¶¶ 83–87, 91–

92, and that they worked as the cooks, food runners, and kitchen laborers for Defendants'

business.  *Id.* ¶¶ 14–15, 26–27, 38–39, 45–46.  The Court concludes that these facts sufficiently

plead that Plaintiffs were Defendants' "employees."  *See Zaldaña*, 2022 WL 203471, at *5.

Also, Plaintiffs allege that Defendants violated several provisions of the FLSA,

DCWPCL, and DCMWA.  Both the FLSA and DCMWA require employers to pay employees a

set minimum wage and to compensate them at least one and one-half times an employee's

regular hourly rate for hours worked over forty hours per week.  *See* 29 U.S.C. §§ 206(a)(1),

207(a)(1); D.C. Code §§ 32-1003(a)(5)(A)(i)–(v), (c).  The DCWPCL requires employers to

make payment of all outstanding wages owed to discharged employees on the next regular

payday or within 7 days from the date of resignation, whichever is earlier.  D.C. Code §§ 32-

1303(1)–(2).  Plaintiffs contend that Defendants violated these provisions by refusing to

compensate them fully for their work and meet minimum wage standards.  Am. Compl. ¶¶ 99–

126.  These assertions are supported by detailed allegations, which are sufficient to plead

Defendants' statutory violations.  Because Defendants have failed to respond to Plaintiffs' well-pleaded allegations of violations of the FLSA, DCMWA, and DCWPCL, as well as this Court's Entry of Default and Plaintiffs' Motion for Default Judgment, the Court concludes that Defendants are liable for these violations.

### B.  Award of Damages

Having found that Plaintiffs established liability, the Court will now determine the appropriate amount of damages to be awarded using Plaintiffs' detailed affidavits.  Although Plaintiffs do not provide official records, such as paystubs, documenting their pay and the exact hours they worked, "courts are reluctant to penalize plaintiffs without documentation in cases where employers have defaulted" because "the employer is responsible for maintaining such records."  *Reyes v. Kimuell*, 270 F. Supp. 3d 30, 34–35 (D.D.C. 2017) (citing *Martinez v. China Boy, Inc.*, 229 F. Supp. 3d 1, 3 (D.D.C. 2016)).  Additionally, "[i]t is a long-standing principle in wage law that where an employer fails to produce records of the employee's hours and wages, the employee can meet [their] burden of proof by 'produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'"  *Serrano*, 209 F. Supp. 3d at 179 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  Thus, the Court will base its damages calculations on Plaintiffs' Motion for Default Judgment, Exs. A–G.

Plaintiffs' claim for damages includes claims for unpaid regular, overtime, and minimum wages, liquidated damages, attorneys' fees, and costs.  Pls.' Mot. II at 6, 11.  The Court addresses each claim separately.

#### 1.  Regular and Overtime Wages Owed

Under the FLSA, employers are mandated to pay employees a federal minimum wage of at least $7.25 per hour and pay at least one and one-half times an employee's regular hourly rate for any hours worked over forty hours per week.[4]  29 U.S.C §§ 206(a)(1)(C), 207.  Like federal law, the DCMWA requires that if an employee works beyond a forty-hour workweek, the employee must be paid "at a rate not less than [one and one half] times the regular rate at which the employee is employed."  D.C. Code § 32-1003(c).

In this case, Plaintiffs claim they are entitled to $8,790.38 in unpaid regular and overtime wages.  Pls.' Mot. II at 10.  Affidavits from each Plaintiff set out their claimed hourly wages, as well as unpaid regular and overtime hours.  Plaintiffs used the following formula to calculate the owed wages: "*(Regular Hours Worked x Regular Rate) + (Overtime Hours Worked x (Regular Rate x 1.5)) – Actual Wages Paid*."  *Id.*  The Court has reviewed Plaintiffs' affidavits and mostly agrees with their calculations of unpaid regular and overtime wages.  The Court's full calculation can be found in the attached Appendix.  The following charts summarize these calculations and adjust for slight errors:

### Plaintiff Portillo[5]

| Time Period | Hourly Rate | Regular Hours Worked | Overtime Rate | Overtime Hours Worked | Total Wages Paid | Total Unpaid Wages |
|---|---|---|---|---|---|---|
| May 18, 2018–June 15, 2018 | $13.00 | 109.9 | $19.50 | 0 | $1,427.40 | $1.30 |
| June 29, 2018–Nov. 2, 2018 | $13.25 | 661.5 | $19.88 | 21.6 | $8,979.93 | $214.35 |
| Nov. 16, 2018–June 28, 2019 | $14.00 | 1289.2 | $21.00 | 61.5 | $18,711.39 | $628.91 |
| July 12, 2019–Sept. 06, 2019 | $15.00 | 312 | $22.50 | 4.2 | $4,731.09 | $43.41 |
| Sept. 20, 2019–Oct. 18, 2019 | $16.00 | 153.3 | $24.00 | 0 | $2,451.52 | $1.28 |
| **Total** | | | | | | **$889.25** |

---

[4] In the hours addressed here, Plaintiffs' regular hourly rates exceeded the minimum wage required by the FLSA and the DCMWA.

[5] *See* Appendix for detailed calculations of week-by-week pay periods for each Plaintiff. A few slight discrepancies in the summary totals are due to rounding, but the complete total corresponds to the full charts in the Appendix.

**Plaintiff Romero**

| Time Period (*excluding weeks worked as food runner*) | Hourly Rate | Regular Hours Worked | Overtime Rate | Overtime Hours Worked | Total Wages Paid | Total Unpaid Wages |
|---|---|---|---|---|---|---|
| Nov. 03, 2017–June 15, 2018 | $12.50 | 153.9 | $18.75 | 0 | $1,924.64 | -$0.89 |
| Nov. 16, 2018–June 28, 2019 | $13.25 | 915.4 | $19.88 | 20.6 | $12,421.84 | $116.74 |
| June 28, 2019–Oct. 04, 2019 | $14.00 | 292.4 | $21.00 | 0 | $4,093.46 | $0.14 |
| May 03, 2019–June 28, 2019 | $15.00 | 73.8 | $22.50 | 0 | $1,106.25 | $0.75 |
| **Total** | | | | | | **$116.74** |

**Plaintiff Castaneda Tejada**

| Time Period (*excluding weeks worked as food runner*) | Hourly Rate | Regular Hours Worked | Overtime Rate | Overtime Hours Worked | Total Wages Paid | Total Unpaid Wages |
|---|---|---|---|---|---|---|
| Dec. 30, 2016–Mar. 24, 2017 | $11.50 | 558.4 | $17.25 | 10.1 | $6,875.10 | -$279.28 |
| Apr. 07, 2016–Nov. 03, 2017 | $12.50 | 1176.6 | $18.75 | 72.8 | $15,427.78 | $644.72 |
| Nov. 17, 2017–Nov. 30, 2018 | $13.50 | 1853 | $20.25 | 77.6 | $25,749.23 | $837.67 |
| Dec. 14, 2018–Sept. 06, 2019 | $14.00 | 1398.7 | $21.00 | 65.2 | $20,232.38 | $718.62 |
| **Total** | | | | | | **$1,921.73** |

**Plaintiff Loaeza**

| Time Period | Hourly Rate | Regular Hours Worked | Overtime Rate | Overtime Hours Worked | Total Wages Paid | Total Unpaid Wages |
|---|---|---|---|---|---|---|
| Oct. 5, 2018–June 28, 2019 | $14.00 | 1464.9 | $21.00 | 144.1 | $22,117.99 | $1,416.71 |
| July 12, 2019–Oct. 18, 2019 | $16.00 | 569.6 | $24.00 | 19 | $9,443.79 | $125.81 |
| **Total** | | | | | | **$1,542.52** |

Having adjusted Plaintiffs' calculations of unpaid regular and overtime wages, the Court will now evaluate Plaintiffs' request for unpaid minimum wage damages.

## 2.  Minimum Wages Owed

Plaintiffs Romero and Castaneda Tejada claim they are also entitled to unpaid minimum wages in the amount of $2,622.30 and $1,256.63, respectively, for their work as food runners at Smith Commons from 2017 to 2018.  During the time of their employment, Plaintiffs Romero and Castaneda Tejada worked some weeks both as "food runners" and other weeks as "kitchen laborers."  They earned a different rate—below the minimum wage—during the time they

worked as food runners.[6]  *See* Decl. William Castaneda Tejada ¶ 9, Ex. B of Pls.' Mot. II; Decl. Angel Romero ¶ 8, Ex. C of Pls.' Mot. II.  Though the FLSA establishes a federal minimum wage, state and local laws may establish a minimum wage higher than provided in the FLSA, which becomes the superseding minimum wage employers are required to pay.  29 U.S.C. § 218(a).  Accordingly, the relevant minimum wage established by DCMWA from July 2016 to July 2019 increased in annual increments to $11.50, $12.50, $13.75, and $14.00, respectively. *See* D.C. Code § 32-1003(a)(5)(A)(i)–(iv).

Although the FLSA requires employers to pay employees a minimum wage, there is a provision that also permits employers to pay employees who receive tips less than the minimum wage under certain circumstances.  *See* 29 U.S.C. § 203(m)(2); *Ventura*, 738 F. Supp. 2d at 16 ("[T]ipped employees must still receive the federal minimum wage set forth in 29 U.S.C.A. § 206(a), [but] an employer need only pay its tipped employees $2.13 per hour, provided that the employees earn enough tips to earn the minimum wage after combining their tips and base wages.").  The difference between the minimum wage and the wages paid to a tipped employee is called a "tip credit," which can also apply to a tipped employee's overtime wages.  *See* 29 C.F.R. § 531.59.  However, employers must explicitly notify tipped employees of their use of the tip credit and employees must be able to keep all their tips, without being subject to tip pooling, if they wish to claim the tip credit.  29 U.S.C. § 203(m).  Thereby, "[i]f an employer fails to comply with the tip credit requirements, the employer is liable to tipped employees for the difference between the minimum wage and the wage paid to tipped employees, regardless of the tips that tipped employees received.  *Ventura,* 738 F. Supp. 2d at 17.

---

[6] The periods of time in which Romero and Castaneda Tejada worked as food runners appear as separate rows in the Appendix.

The requirements to claim a tip credit under the DCMWA, however, are even more demanding.  *Compare* 29 U.S.C. § 203(m)(2), *with* D.C. Code §§ 32-1003(f)–(g), 32-1008(c)–(d).  For example, an employer must provide employees written notice of their pay rate, the tip-sharing policy, and if applicable, the use of a tip credit, at the time of hire and whenever any information in the notice changes.  D.C. Code §§ 32-1003(c), 32-1008(c)(4)–(4A).  Additionally, the DCMWA requires employers to post its tip-sharing policy within its business.  *Id.* § 32-1003(g)(1).  Thus, to demonstrate compliance with the notice requirements, employers must retain copies of the written notice that was signed and dated by both the employer and employee to acknowledge receipt.  *Id.* § 32-1008(d)(1)(B).  And, "[a]ll gratuities received by the employee [must] have been retained by the employee."  *Id.* § 32-1003(g)(3).  Given the specific nature of the DCMWA's tip credit requirements, failure to comply with even just one requirement will result in the employer's inability to claim a tip credit.  *See Melendez v. Poy Loung DC Grp., LLC,* No. 17-cv-370, 2018 WL 4637007, at *13 (D.D.C. Sept. 27, 2018) ("[A]t least one of the [DCMWA] requirements for application of the tip credit has not been met, and therefore, a tip credit would not apply in this case." (internal quotations omitted)).

Here, Defendants paid Romero $8.00 per hour during the weeks he worked as a food runner from December 2017 to May 2018, then $10.00 per hour from May 2018 to November 2018, while the DCMWA mandated minimum wage was $12.50 until it increased to $13.25 after July 2018.  *See* Pls.' Mot. II, Ex. E.  Similarly, Castaneda Tejada was paid $8.00 per hour for the weeks he worked as a food runner from October 2017 to October 2018, while the DCMWA mandated minimum wage was $12.50 and was raised to $13.25 after July 2018.  *See id.*  However, both Plaintiffs deny that they were informed about the Defendants' use of a tip credit.  *Id.* at Exs. B–C.  Plaintiffs also assert that Defendants allocated tips, instead of allowing them to

retain all their tips.  *Id*. at 9.  Accordingly, it appears that the Defendants have not met the requirements under the FLSA or the DCMWA to claim a tip credit.  *See Ventura*, 738 F. Supp. 2d at 17 (finding that since Defendants did not allow their tipped employees to retain their tips, they were not entitled to claim a tip credit); *see also Melendez,* 2018 WL 4637007, at *13 (finding that a tip credit did not apply when the defendant "personally decided how much in tips to pay" the plaintiff) (internal quotations omitted).  But regardless, the tip credit is "considered an affirmative defense to a claim of underpayment" that Defendants have the burden of proving, and the unresponsive Defendants have yet to raise it.  *See Denson v. D.C. Rest. Holdings*, No. 1:19-cv-01609, 2021 WL 4988994, at *2 (D.D.C. Oct. 27, 2021) (quoting *Bergstrom v. Coco Pazzo of Ill., LLC*, 2017 WL 1134476 at *1 (N.D. Ill. Mar. 27, 2017)).  Accordingly, the Court concludes that the Defendants are liable to Plaintiffs for the full minimum wage amount without application of any potentially applicable tip credit.  Therefore, the tips earned by the Plaintiffs will not be offset from any calculations for the damages because when an employer cannot claim a tip credit, the amount of tips received is immaterial to FLSA damages.  *Ventura*, 738 F. Supp. 2d at 18–19.

Because they earned wages below the required minimum during the weeks they worked as food runners, Plaintiffs Romero and Castaneda Tejada used a slightly different formula to calculate the wages owed for those weeks: "*(Regular Hours Worked x D.C. Minimum Wage) + (Overtime Hours Worked x D.C. Minimum Wage x 1.5) – Actual Wages Paid*."  Pls.' Mot. II at 10.  The Court has reviewed Plaintiffs' affidavits and mostly agrees with their calculations of unpaid minimum wages.  The following charts summarize these calculations and adjust for slight errors:

**Plaintiff Romero**

| DCMWA Minimum Wage | Plaintiff Romero's Hourly Wages | Hours Worked | Amount Paid | Total Unpaid Wages |
|---|---|---|---|---|
| **$12.50**<br>**(Dec. 01, 2017–June 29, 2018)** | $8.00 (through May 17, 2018)<br>$10.00 (through June 29, 2018) | 449.4 | $3,533.34 | $2,084.16 |
| **$13.25**<br>**(Sept. 21, 2018–Nov. 02, 2018)** | $10.00 | 165.9 | $1,659.10 | $539.09 |
| **$14.00**<br>**(July 27, 2019–Aug. 09, 2019)** | $12.50 | 24.8 | $310.38 | $36.82 |
| **Total** | | | | **$2,660.07** |

**Plaintiff Castaneda Tejada**

| DCMWA Minimum Wage | Plaintiff Castaneda Tejada's Hourly Wages | Hours Worked | Amount Paid | Total Unpaid Wages |
|---|---|---|---|---|
| **$12.50**<br>**(July 01, 2017–June 30, 2018)** | $8.00 | 268.4 | $2,156.46 | $1,226.67 |
| **$13.25**<br>**(July 01, 2018–June 30, 2019)** | $8.00 | 13.2 | $105.60 | $69.30 |
| **Total** | | | | **$1,295.97** |

Except for the minor arithmetic errors, the Court agrees with Plaintiffs' calculations and awards Plaintiff Romero unpaid minimum wages in the amount of $2,660.07 and Plaintiff Castaneda Tejada $1,295.97 in unpaid minimum wages.  The Court will now consider Plaintiffs' request for liquidated damages.

### 3.  Liquidated Damages

In addition to the above-resolved claims for unpaid or underpaid wages, Plaintiffs also claim they are entitled to $26,371.14 in liquidated damages.  *See* Pls.' Mot. II at 11.  Both the FLSA and DCMWA provide that if an employer fails to comply with the minimum or overtime wage provisions in the statutes, they must pay the employee liquidated damages in addition to the awarded unpaid wages.  *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case

may be, and in an additional equal amount as liquidated damages."); D.C. Code § 32-1012(b)(1) ("[A]ny employer who pays any employee less than the wage to which that employee is entitled under this subchapter shall be liable to that employee in the amount of the unpaid wages . . . and an additional amount as liquidated damages equal to treble the amount of unpaid wages.").[7] The DCWPCL's liquidated damages clause only applies when employers fail to pay former employees the amounts owed to them within the allotted time.  D.C. Code § 32-1303(4) ("If an employer fails to pay an employee wages earned, such employer shall pay, or be additionally liable [for] . . . liquidated damages . . . .").  Because the Plaintiffs seek recovery under both the FLSA and the DCMWA, the Court will assess liquidated damages under District of Columbia law, given that it provides for more generous liquidated damages.  *See* Pls.' Mot. II at 10; *Sanchez*, 322 F.R.D. at 39 ("'Because [District of Columbia] law is more generous to employees . . . , the Court will first assess [whether liquidated] damages [should be awarded] under [District of Columbia] law and [if so, it] will not award a duplicative amount pursuant to federal law.'" (citing *Ventura v. L.A. Howard Construction Co.* ("*Howard Construction*"), 134 F. Supp. 3d 99, 104 (D.D.C. 2015))).

The DCMWA authorizes liquidated damages treble the amount of an employee's wages. D.C. Code § 32-1012(b)(1).  Similarly, the DCWPCL allows liquidated damages to be calculated as "10 per centum of the unpaid wages for each working day during which such failure shall continue after the day upon which payment is hereunder required, or an amount equal to treble the unpaid wages, whichever is smaller." *Id.* § 32–1303(4).  This Court and others in this district

---

[7] Both statutes specify that if an employer can prove it reasonably believed its failure to pay wages was not a violation of the statute, the court may decline to award Plaintiffs liquated damages.  *See* 29 U.S.C. § 260; D.C. Code § 32-1012(2).  However, Defendants' default means that they cannot meet their burden to prove this good faith affirmative defense. *See Serrano*, 209 F. Supp. 3d at 191.

have previously addressed the question of "whether the unpaid wages should simply be multiplied by three . . . or instead multiplied by three (liquidated damages) and then added to the original amount (actual damages)" and determined that total damages should be calculated by multiplying actual damages by four. *Barahona v. Rosales*, No. 15-cv-1381, 2016 WL 11585399, at *1–2 (D.D.C. Sept. 26, 2016); *see also Zaldaña*, 2022 WL 203471, at *6. Because it appears to the Court that the treble amounts are less than the 10 per centum amounts, using the treble calculation, and accounting for Plaintiffs' errors discussed in the previous section, the Court awards Plaintiffs liquidated damages in the sum of $25,278.84 as apportioned in the following chart:

| Plaintiff | Actual Damages from Unpaid Regular and Overtime Wages | Actual Damages from Unpaid Minimum Wages | Liquidated Damages (Actual Damages x3) | Total Damages (Actual Damages x4) |
|---|---|---|---|---|
| Portillo | $889.25 | - | $2,667.75 | $3,557.00 |
| Castaneda Tejada | $1,921.73 | $1,295.97 | $9,653.10 | $12,870.80 |
| Romero | $116.74 | $2,660.07 | $8,330.43 | $11,107.24 |
| Loaeza | $1,542.52 | - | $4,627.56 | $6,170.08 |
| Total | | | **$25,278.84** | **$33,705.12** |

### 4. Attorney's Fees and Costs

Given that Plaintiffs are prevailing parties based on the above awards of damages, they claim that they are entitled to $16,174.00 in attorney's fees and $284.84 in costs. *See* Pls.' Mot. II at 11. Both federal and District of Columbia law authorize the award of reasonable attorney's fees in suits for unpaid wages. 29 U.S.C. § 216(b); D.C. Code § 32-1308(b); D.C. Code § 32-531.12(c)(4). This requires the court to assess "the attorneys' [reasonable] hourly rates and the amount of time expended on the matter." *Howard Construction*, 134 F. Supp. 3d at 105.

The Court must first consider whether counsel has billed for a reasonable number of hours. Plaintiffs bear the burden of establishing the reasonableness of the hours they seek for attorney's fees. *Herrera v. Mitch O'Hara, LLC*, 257 F. Supp. 3d 37, 46–47 (D.D.C. 2017). The

Court will look to ensure that all tasks arose from this action, that the tasks were not duplicative, and that the time counsel spent on each task was not excessive. *Serrano*, 209 F. Supp. 3d at 198 (citing *Ventura*, 738 F. Supp. 2d at 34). Plaintiffs' counsel submitted detailed billing records. *See* Pls.' Mot. II, Exs. F, G. In considering the aforementioned factors, the Court has evaluated these records and concludes that most of the hours billed by counsel were reasonable. However, Plaintiffs seek attorney's fees for the 1.1 hours spent on Plaintiffs' Motion for Reconsideration, which the Court denied on the merits. *See generally* Recons. Mot.; *Portillo*, 2021 WL 5987007. Accordingly, the Court finds it unreasonable to award attorney's fees for this time spent on an unsuccessful motion. *Cf. Walker v. Thomas,* No. 14-cv-515, 2015 WL 7428531, at *6 (D.D.C. Nov. 20, 2015) (determining it is unreasonable to "award attorney's fees for the 2.7 hours spent by Plaintiff's counsel on Plaintiff's first motion for default judgment, which the Court denied without prejudice because it insufficiently put forward the required evidence for a determination of damages"). The Court shall award attorney's fees for the remaining 37.9 hours of work performed by Plaintiffs' counsel.

Next, the Court considers whether counsel billed a reasonable hourly rate. "This Circuit requires that the billing rate be 'reasonable' and 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Sanchez*, 322 F.R.D. at 39 (citation omitted). Factors relevant to this determination include: "(1) the attorney's billing practices; (2) the attorney's skills, experience, and reputation; and (3) the prevailing market rates in the relevant community." *Serrano*, 209 F. Supp. 3d at 195. The billing records demonstrate that Mr. Zelikovitz and Mr. Tucker billed at an hourly rate of $764.00 and supporting staff billed at rate of $208.00 per hour. Pls.' Mot. II, Ex. F. Plaintiffs support these rates using the *Salazar*-approved matrix since this is the set rate for unpaid wages

claims under D.C. law.  *See* D.C. Code § 32-1308(b)(1); *see also Herrera*, 257 F. Supp. 3d at 46

("The D.C. Code has set a rate for claims brought under the DCMWA and the DCWPCL: [T]he

court shall award to each attorney for the employee an additional judgment for costs, including

attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123

F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for

attorney's services.").  The matrix utilized in *Salazar* was the Legal Services Index of the Bureau

of Labor Statistics ("LSI *Laffey* matrix"), which is updated to account for inflation.  *Id.*

Accordingly, "[t]he court shall use the rates in effect at the time the determination is made."

D.C. Code § 32-1308(b)(1).  As such, the Court finds Plaintiffs' requested LSI *Laffey* rates to be

appropriate and reasonable in this case.  Using the relevant *Salazar* rates, accounting for

Plaintiffs' errors discussed in the previous section, and excluding the time spent on the

unsuccessful motion for reconsideration, the Court awards Plaintiffs $15,333.60 in attorney's

fees.

Lastly, Plaintiffs request that the Court reimburse them for $284.84 in costs for mailing

correspondence and the fees for service of process.  Pls.' Mot. II, Ex. F.  The Court determines

that these costs are reasonable and in accordance with the FLSA and the DCMWA.  *See* 29

U.S.C. § 216(b); D.C. Code § 32-1311(c).  As requested, the Court awards Plaintiffs $284.84 in

costs.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is **GRANTED** in the

amount of **$49,323.56** comprised of the following sums: $8,426.28 in unpaid minimum, regular,

and overtime wages, $25,278.84 in liquidated damages, and $15,618.44 in attorney's fees and

costs.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 13, 2022                          RUDOLPH CONTRERAS
                                                 United States District Judge

# VI. APPENDIX

## Table 1– Plaintiff Portillo

| Week Start | Regular Hours Worked | Overtime Hours Worked | Minimum Wage | Hourly Rate | Appropriate Overtime Rate | Amount Paid on Check | Cash Overtime Rate | Cash Paid | Proper Pay | Amount Owed |
|---|---|---|---|---|---|---|---|---|---|---|
| 5/18/18 | 13.1 | 0 | $12.50 | $13.00 | $19.50 | $170.30 | $10.00 | $0.00 | $170.30 | $0.00 |
| 6/1/18 | 42.2 | 0 | $12.50 | $13.00 | $19.50 | $547.95 | $10.00 | $0.00 | $548.60 | $0.65 |
| 6/15/18 | 54.6 | 0 | $12.50 | $13.00 | $19.50 | $709.15 | $10.00 | $0.00 | $709.80 | $0.65 |
| 6/29/18 | 60.1 | 0 | $12.50 | $13.25 | $19.50 | $796.59 | $10.00 | $0.00 | $796.33 | -$0.26 |
| 7/13/18 | 42.5 | 0 | $13.25 | $13.25 | $19.88 | $562.99 | $10.00 | $0.00 | $563.13 | $0.13 |
| 7/27/18 | 72.8 | 1.5 | $13.25 | $13.25 | $19.88 | $964.47 | $10.00 | $15.00 | $994.42 | $14.95 |
| 8/10/18 | 71 | 0 | $13.25 | $13.25 | $19.88 | $940.35 | $10.00 | $0.00 | $940.75 | $0.40 |
| 8/24/18 | 75.6 | 0.5 | $13.25 | $13.25 | $19.88 | $1,002.10 | $10.00 | $5.10 | $1,011.64 | $4.44 |
| 9/7/18 | 39 | 0 | $13.25 | $13.25 | $19.88 | $516.49 | $10.00 | $0.00 | $516.75 | $0.26 |
| 9/21/18 | 15 | 0 | $13.25 | $13.25 | $19.88 | $198.75 | $10.00 | $0.00 | $198.75 | $0.00 |
| 9/21/18 | 77.6 | 0 | $13.25 | $13.25 | $19.88 | $1,028.07 | $10.00 | $0.00 | $1,028.20 | $0.13 |
| 10/5/18 | 62.7 | 8.5 | $13.25 | $13.25 | $19.88 | $830.38 | $10.00 | $85.30 | $999.76 | $84.08 |
| 10/19/18 | 65.2 | 0 | $13.25 | $13.25 | $19.88 | $863.64 | $10.00 | $0.00 | $863.90 | $0.26 |
| 11/2/18 | 80 | 11.1 | $13.25 | $13.25 | $19.88 | $1,060.00 | $10.00 | $110.70 | $1,280.67 | $109.97 |
| 11/16/18 | 80 | 11 | $14.00 | $14.00 | $21.00 | $1,120.00 | $10.00 | $110.20 | $1,351.00 | $120.80 |
| 11/30/18 | 80 | 3.3 | $14.00 | $14.00 | $21.00 | $1,120.00 | $10.00 | $32.80 | $1,189.30 | $36.50 |
| 12/14/18 | 74.5 | 1.7 | $14.00 | $14.00 | $21.00 | $1,043.28 | $11.00 | $18.70 | $1,078.70 | $16.72 |
| 12/28/18 | 80 | 4.3 | $14.00 | $14.00 | $21.00 | $1,120.00 | $11.00 | $47.19 | $1,210.30 | $43.11 |
| 1/11/19 | 71 | 0.7 | $14.00 | $14.00 | $21.00 | $993.44 | $11.00 | $8.14 | $1,008.70 | $7.12 |
| 1/25/19 | 68.7 | 0 | $14.00 | $14.00 | $21.00 | $962.36 | $11.00 | $0.00 | $961.80 | -$0.56 |
| 2/8/19 | 80 | 3.5 | $14.00 | $14.00 | $21.00 | $1,120.00 | $11.00 | $38.28 | $1,193.50 | $35.22 |
| 2/22/19 | 74.1 | 0 | $14.00 | $14.00 | $21.00 | $1,036.98 | $11.00 | $0.00 | $1,037.40 | $0.42 |
| 3/8/19 | 60.3 | 0 | $14.00 | $14.00 | $21.00 | $844.20 | $11.00 | $0.00 | $844.20 | $0.00 |
| 3/22/19 | 78.1 | 0 | $14.00 | $14.00 | $21.00 | $1,093.68 | $11.00 | $0.00 | $1,093.40 | -$0.28 |
| 4/5/19 | 80 | 7.6 | $14.00 | $14.00 | $21.00 | $1,120.00 | $11.00 | $83.93 | $1,279.60 | $75.67 |
| 4/19/19 | 80 | 1.2 | $14.00 | $14.00 | $21.00 | $1,120.00 | $11.00 | $12.98 | $1,145.20 | $12.22 |
| 5/3/19 | 80 | 4.7 | $14.00 | $14.00 | $21.00 | $1,120.00 | $11.00 | $51.59 | $1,218.70 | $47.11 |
| 5/17/19 | 78.3 | 6.7 | $14.00 | $14.00 | $21.00 | $1,096.06 | $11.00 | $73.81 | $1,236.90 | $67.03 |
| 5/13/19 | 77.4 | 3.5 | $14.00 | $14.00 | $21.00 | $1,083.46 | $11.00 | $38.28 | $1,157.10 | $35.36 |
| 6/14/19 | 80 | 13.3 | $14.00 | $14.00 | $21.00 | $1,120.00 | $11.00 | $146.41 | $1,399.30 | $132.89 |
| 6/28/19 | 66.8 | 0 | $14.00 | $14.00 | $21.00 | $935.62 | $12.00 | $0.00 | $935.20 | -$0.42 |
| 7/12/19 | 68.3 | 4.2 | $14.00 | $15.00 | $22.50 | $1,024.95 | $12.00 | $50.04 | $1,119.00 | $44.01 |
| 7/26/19 | 60.5 | 0 | $14.00 | $15.00 | $22.50 | $907.95 | $12.00 | $0.00 | $907.50 | -$0.45 |

| 8/9/19 | 63.2 | 0 | $14.00 | $15.00 | $22.50 | $948.60 | $12.00 | $0.00 | $948.00 | -$0.60 |
| 8/23/19 | 54.9 | 0 | $14.00 | $15.00 | $22.50 | $823.65 | $12.00 | $0.00 | $823.50 | -$0.15 |
| 9/6/19 | 65.1 | 0 | $14.00 | $15.00 | $22.50 | $975.90 | $12.00 | $0.00 | $976.50 | $0.60 |
| 9/20/19 | 75.2 | 0 | $14.00 | $16.00 | $24.00 | $1,202.88 | $13.00 | $0.00 | $1,203.20 | $0.32 |
| 10/4/19 | 77.2 | 0 | $14.00 | $16.00 | $24.00 | $1,234.88 | $13.00 | $0.00 | $1,235.20 | $0.32 |
| 10/18/19 | 0.9 | 0 | $14.00 | $16.00 | $24.00 | $13.76 | $13.00 | $0.00 | $14.40 | $0.64 |
| **Total** | | | | | | | | | | **$889.25** |
| **X3 Liquidated Damages** | | | | | | | | | | **$2,667.75** |
| **Total Damages** | | | | | | | | | | **$3,557.00** |

### Table 2– Plaintiff Romero

| Week Start | Regular Hours Worked | Overtime Hours Worked | Minimum Wage | Hourly Rate | Appropriate Overtime Rate | Amount Paid on Check | Cash Overtime Rate | Cash Paid | Proper Pay | Amount Owed |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/3/17 | 61 | 0 | $12.50 | $12.50 | $18.75 | $762.63 | $9.00 | $0.00 | $762.50 | -$0.13 |
| 11/17/17 | 30.8 | 0 | $12.50 | $12.50 | $18.75 | $384.50 | $9.00 | $0.00 | $385.00 | $0.50 |
| 12/1/17 | 14.3 | 0 | $12.50 | $8.00 | $18.75 | $114.24 | $9.00 | $0.00 | $178.75 | $64.51 |
| 12/1/17 | 28.5 | 0 | $12.50 | $12.50 | $18.75 | $356.25 | $9.00 | $0.00 | $356.25 | $0.00 |
| 12/15/17 | 4.8 | 0 | $12.50 | $12.50 | $18.75 | $60.50 | $9.00 | $0.00 | $60.00 | -$0.50 |
| 12/15/17 | 25.7 | 0 | $12.50 | $8.00 | $18.75 | $205.76 | $9.00 | $0.00 | $321.25 | $115.49 |
| 12/29/17 | 17.4 | 0 | $12.50 | $8.00 | $18.75 | $139.44 | $9.00 | $0.00 | $217.50 | $78.06 |
| 12/29/17 | 9.1 | 0 | $12.50 | $12.50 | $18.75 | $114.13 | $9.00 | $0.00 | $113.75 | -$0.38 |
| 1/12/18 | 8.4 | 0 | $12.50 | $12.50 | $18.75 | $104.88 | $9.00 | $0.00 | $105.00 | $0.12 |
| 1/12/18 | 28.3 | 0 | $12.50 | $8.00 | $18.75 | $226.40 | $9.00 | $0.00 | $353.75 | $127.35 |
| 1/26/18 | 22.5 | 0 | $12.50 | $8.00 | $18.75 | $180.32 | $9.00 | $0.00 | $281.25 | $100.93 |
| 2/9/18 | 28.7 | 0 | $12.50 | $8.00 | $18.75 | $229.68 | $9.00 | $0.00 | $358.75 | $129.07 |
| 2/23/18 | 27.9 | 0 | $12.50 | $8.00 | $18.75 | $223.36 | $9.00 | $0.00 | $348.75 | $125.39 |
| 3/9/18 | 18.1 | 0 | $12.50 | $8.00 | $18.75 | $145.12 | $9.00 | $0.00 | $226.25 | $81.13 |
| 3/23/18 | 22.4 | 0 | $12.50 | $8.00 | $18.75 | $178.80 | $9.00 | $0.00 | $280.00 | $101.20 |
| 4/6/18 | 28.4 | 0 | $12.50 | $8.00 | $18.75 | $227.12 | $9.00 | $0.00 | $355.00 | $127.88 |
| 4/20/18 | 29.1 | 0 | $12.50 | $8.00 | $18.75 | $232.40 | $9.00 | $0.00 | $363.75 | $131.35 |
| 5/4/18 | 35.1 | 0 | $12.50 | $8.00 | $18.75 | $280.40 | $9.00 | $0.00 | $438.75 | $158.35 |
| 5/18/18 | 36.3 | 0 | $12.50 | $10.00 | $18.75 | $363.30 | $9.00 | $0.00 | $453.75 | $90.45 |
| 6/1/18 | 40.4 | 0 | $12.50 | $10.00 | $18.75 | $40.00 | $9.00 | $0.00 | $505.00 | $465.00 |
| 6/15/18 | 47.1 | 0 | $12.50 | $10.00 | $18.75 | $470.50 | $9.00 | $0.00 | $588.75 | $118.25 |
| 6/15/18 | 11.3 | 0 | $12.50 | $12.50 | $18.75 | $141.75 | $9.00 | $0.00 | $141.25 | -$0.50 |

| 6/29/18[8] | 27.7 | 0 | $12.50 | $10.00 | $18.75 | $276.50 | $14.00 | $0.00 | $346.25 | $69.75 |
|---|---|---|---|---|---|---|---|---|---|---|
| 9/21/18 | 50.7 | 0 | $13.25 | $10.00 | $19.88 | $507.00 | $14.00 | $0.00 | $671.78 | $164.78 |
| 10/5/18 | 31.1 | 0 | $13.25 | $10.00 | $19.88 | $310.70 | $14.00 | $0.00 | $412.08 | $101.38 |
| 10/19/18 | 39.6 | 0 | $13.25 | $10.00 | $19.88 | $396.00 | $14.00 | $0.00 | $524.70 | $128.70 |
| 11/2/18 | 44.5 | 0 | $13.25 | $10.00 | $19.88 | $445.40 | $14.00 | $0.00 | $589.63 | $144.23 |
| 11/16/18 | 42.1 | 0 | $13.25 | $13.25 | $19.88 | $558.36 | $14.00 | $0.00 | $557.83 | -$0.53 |
| 11/30/18 | 57.2 | 0 | $13.25 | $13.25 | $19.88 | $758.43 | $14.00 | $0.00 | $757.90 | -$0.53 |
| 12/14/18 | 48 | 0 | $13.25 | $13.25 | $19.88 | $635.34 | $14.00 | $0.00 | $636.00 | $0.66 |
| 12/28/18 | 53.2 | 0 | $13.25 | $13.25 | $19.88 | $704.24 | $14.00 | $0.00 | $704.90 | $0.66 |
| 1/11/19 | 54.9 | 0 | $13.25 | $13.25 | $19.88 | $727.03 | $14.00 | $0.00 | $727.43 | $0.39 |
| 1/25/19 | 66.7 | 0 | $13.25 | $13.25 | $19.88 | $883.91 | $14.00 | $0.00 | $883.78 | -$0.13 |
| 2/8/19 | 68 | 0 | $13.25 | $13.25 | $19.88 | $901.00 | $14.00 | $0.00 | $901.00 | $0.00 |
| 2/22/19 | 80 | 4.9 | $13.25 | $13.25 | $19.88 | $1,060.00 | $14.00 | $69.02 | $1,157.41 | $28.39 |
| 3/8/19 | 76 | 3.5 | $13.25 | $13.25 | $19.88 | $1,012.17 | $14.00 | $49.42 | $1,076.58 | $14.99 |
| 3/22/19 | 71.5 | 10.8 | $13.25 | $13.25 | $19.88 | $947.11 | $14.00 | $150.50 | $1,162.08 | $64.47 |
| 4/5/19 | 75.4 | 1.4 | $13.25 | $13.25 | $19.88 | $999.18 | $14.00 | $19.32 | $1,026.88 | $8.38 |
| 4/19/19 | 47.8 | 0 | $13.25 | $13.25 | $19.88 | $633.62 | $14.00 | $0.00 | $633.35 | -$0.27 |
| 5/3/19 | 36.6 | 0 | $13.25 | $15.00 | $19.88 | $548.70 | $14.00 | $0.00 | $549.00 | $0.30 |
| 5/3/19 | 30.1 | 0 | $13.25 | $13.25 | $19.88 | $398.70 | $14.00 | $0.00 | $398.83 | $0.13 |
| 5/17/19 | 20.9 | 0 | $13.25 | $15.00 | $22.50 | $313.80 | $14.00 | $0.00 | $313.50 | -$0.30 |
| 5/17/19 | 42.7 | 0 | $13.25 | $13.25 | $19.88 | $565.64 | $14.00 | $0.00 | $565.78 | $0.14 |
| 5/31/19 | 34.2 | 0 | $13.25 | $13.25 | $19.88 | $452.49 | $14.00 | $0.00 | $453.15 | $0.66 |
| 6/14/19 | 46.9 | 0 | $13.25 | $13.25 | $19.88 | $621.82 | $14.00 | $0.00 | $621.43 | -$0.40 |
| 6/28/19 | 13.9 | 0 | $13.25 | $14.00 | $21.00 | $195.16 | $14.00 | $0.00 | $194.60 | -$0.56 |
| 6/28/19 | 20.7 | 0 | $13.25 | $13.25 | $19.88 | $274.54 | $14.00 | $0.00 | $274.28 | -$0.27 |
| 6/28/19 | 16.3 | 0 | $13.25 | $15.00 | $22.50 | $243.75 | $14.00 | $0.00 | $244.50 | $0.75 |
| 7/12/19 | 49.6 | 0 | $14.00 | $14.00 | $21.00 | $694.54 | $14.00 | $0.00 | $694.40 | -$0.14 |
| 7/26/19 | 55.7 | 0 | $14.00 | $14.00 | $21.00 | $779.66 | $14.00 | $0.00 | $779.80 | $0.14 |
| 8/9/19 | 24.8 | 0 | $14.00 | $12.50 | $21.00 | $310.38 | $14.00 | $0.00 | $347.20 | $36.82 |
| 8/23/19 | 46.5 | 0 | $14.00 | $14.00 | $21.00 | $650.86 | $14.00 | $0.00 | $651.00 | $0.14 |
| 9/6/19 | 44.2 | 0 | $14.00 | $14.00 | $21.00 | $618.10 | $14.00 | $0.00 | $618.80 | $0.70 |
| 9/20/19 | 39.3 | 0 | $14.00 | $14.00 | $21.00 | $549.92 | $14.00 | $0.00 | $550.20 | $0.28 |
| 10/4/19 | 43.2 | 0 | $14.00 | $14.00 | $21.00 | $605.22 | $14.00 | $0.00 | $604.80 | -$0.42 |
| **Total** | | | | | | | | | | **$2,776.81** |
| **X3 Liquidated Damages** | | | | | | | | | | **$8,330.43** |

[8] The Court omits from this chart any calculations from 07/13/18 to 9/07/18 because Plaintiff Romero did not work any regular or overtime hours during those weeks.

| Total Damages | | | | | | | | | $11,107.24 |
|---|---|---|---|---|---|---|---|---|---|

**Table 3– Plaintiff Castaneda Tejada**

| Week Start | Regular Hours Worked | Overtime Hours Worked | Minimum Wage | Hourly Rate | Appropriate Overtime Rate | Cash Overtime Rate | Amount Paid on Check | Cash Overtime Paid | Proper Pay | Amount Owed |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/30/16 | 80 | 0 | $11.50 | $11.50 | $17.25 | $9.00 | $920.00 | $0.00 | $920.00 | $0.00 |
| 1/13/17 | 80 | 0 | $11.50 | $11.50 | $17.25 | $9.00 | $1,008.67 | $0.00 | $920.00 | -$88.67 |
| 1/27/17 | 80 | 0 | $11.50 | $11.50 | $17.25 | $9.00 | $920.00 | $0.00 | $920.00 | $0.00 |
| 2/10/17 | 80 | 10.1 | $11.50 | $11.50 | $17.25 | $9.00 | $1,036.15 | $90.90 | $1,094.23 | -$32.83 |
| 2/24/17 | 80 | 0 | $11.50 | $11.50 | $17.25 | $9.00 | $920.00 | $0.00 | $920.00 | $0.00 |
| 3/10/17 | 80 | 0 | $11.50 | $11.50 | $17.25 | $9.00 | $1,000.00 | $0.00 | $920.00 | -$80.00 |
| 3/24/17 | 78.4 | 0 | $11.50 | $11.50 | $17.25 | $9.00 | $979.38 | $0.00 | $901.60 | -$77.78 |
| 4/7/17 | 80 | 2.6 | $11.50 | $12.50 | $18.75 | $9.00 | $1,000.00 | $23.04 | $1,048.75 | $25.71 |
| 4/21/17 | 80 | 4.2 | $11.50 | $12.50 | $18.75 | $9.00 | $1,000.00 | $38.16 | $1,078.75 | $40.59 |
| 5/5/17 | 80 | 3.4 | $11.50 | $12.50 | $18.75 | $9.00 | $1,000.00 | $30.78 | $1,063.75 | $32.97 |
| 5/19/17 | 79.4 | 0 | $11.50 | $12.50 | $18.75 | $9.00 | $992.75 | $0.00 | $992.50 | -$0.25 |
| 6/2/17 | 77 | 0 | $11.50 | $12.50 | $18.75 | $9.00 | $962.13 | $0.00 | $962.50 | $0.37 |
| 6/16/17 | 75 | 0 | $11.50 | $12.50 | $18.75 | $9.00 | $936.88 | $0.00 | $937.50 | $0.62 |
| 6/30/17 | 80 | 9.6 | $11.50 | $12.50 | $18.75 | $10.00 | $1,000.00 | $95.70 | $1,180.00 | $84.30 |
| 7/14/17 | 74.2 | 0 | $12.50 | $12.50 | $18.75 | $10.00 | $927.13 | $0.00 | $927.50 | $0.37 |
| 7/28/17 | 80.7 | 0.7 | $12.50 | $12.50 | $18.75 | $10.00 | $1,009.25 | $7.40 | $1,021.88 | $5.23 |
| 8/11/17 | 71.4 | 0 | $12.50 | $12.50 | $18.75 | $10.00 | $892.00 | $0.00 | $892.50 | $0.50 |
| 8/25/17 | 53.3 | 0 | $12.50 | $12.50 | $18.75 | $10.00 | $666.63 | $0.00 | $666.25 | -$0.38 |
| 9/8/17 | 66.9 | 0 | $12.50 | $12.50 | $18.75 | $10.00 | $835.88 | $0.00 | $836.25 | $0.37 |
| 9/22/17 | 80 | 26.9 | $12.50 | $12.50 | $18.75 | $10.00 | $1,003.50 | $268.70 | $1,504.38 | $232.18 |
| 10/6/17 | 40 | 0 | $12.50 | $12.50 | $18.75 | $10.00 | $500.00 | $0.00 | $500.00 | $0.00 |
| 10/6/17 | 40 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $320.00 | $0.00 | $500.00 | $180.00 |
| 10/20/17 | 16 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $128.32 | $0.00 | $200.00 | $71.68 |
| 10/20/17 | 78.7 | 0 | $12.50 | $12.50 | $18.75 | $10.00 | $983.75 | $0.00 | $983.75 | $0.00 |
| 11/3/17 | 80 | 25.4 | $12.50 | $12.50 | $18.75 | $10.00 | $1,000.00 | $254.10 | $1,476.25 | $222.15 |
| 11/17/17 | 21.2 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $169.60 | $0.00 | $265.00 | $95.40 |
| 11/17/17 | 60.6 | 1.8 | $12.50 | $13.50 | $20.25 | $10.00 | $817.83 | $18.00 | $854.55 | $18.72 |
| 12/1/17 | 80 | 0 | $12.50 | $13.50 | $20.25 | $10.00 | $1,080.00 | $0.00 | $1,080.00 | $0.00 |
| 12/15/17 | 7.7 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $61.85 | $0.00 | $96.25 | $34.40 |
| 12/15/17 | 66.5 | 0 | $12.50 | $13.50 | $20.25 | $10.00 | $897.08 | $0.00 | $897.75 | $0.67 |
| 12/29/17 | 20.3 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $162.08 | $0.00 | $253.75 | $91.67 |
| 12/29/17 | 46.5 | 0 | $12.50 | $13.50 | $20.25 | $10.00 | $628.29 | $0.00 | $627.75 | -$0.54 |
| 1/12/18 | 47.6 | 1.8 | $12.50 | $13.50 | $20.25 | $10.00 | $643.01 | $17.80 | $679.05 | $18.24 |

| 1/12/18 | 21.4 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $171.44 | $0.00 | $267.50 | $96.06 |
| 1/26/18 | 22.9 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $183.04 | $0.00 | $286.25 | $103.21 |
| 1/26/18 | 54.9 | 10.3 | $12.50 | $13.50 | $20.25 | $10.00 | $741.42 | $103.20 | $949.73 | $105.11 |
| 2/9/18 | 60.8 | 0 | $12.50 | $13.50 | $20.25 | $10.00 | $821.07 | $0.00 | $820.80 | -$0.27 |
| 2/9/18 | 15.1 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $120.64 | $0.00 | $188.75 | $68.11 |
| 2/23/18 | 7.2 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $57.84 | $0.00 | $90.00 | $32.16 |
| 2/23/18 | 62.4 | 0 | $12.50 | $13.50 | $20.25 | $10.00 | $841.73 | $0.00 | $842.40 | $0.67 |
| 3/9/18 | 47 | 0 | $12.50 | $13.50 | $20.25 | $10.00 | $634.64 | $0.00 | $634.50 | -$0.14 |
| 3/9/18 | 23.1 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $184.95 | $0.00 | $288.75 | $103.80 |
| 3/23/18 | 23.8 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $190.32 | $0.00 | $297.50 | $107.18 |
| 3/23/18 | 36.5 | 0 | $12.50 | $13.50 | $20.25 | $10.00 | $493.29 | $0.00 | $492.75 | -$0.54 |
| 4/6/18 | 15.5 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $123.84 | $0.00 | $193.75 | $69.91 |
| 4/6/18 | 65.6 | 5.7 | $12.50 | $13.50 | $20.25 | $10.00 | $885.06 | $57.10 | $1,001.03 | $58.86 |
| 4/20/18 | 14.6 | 4.5 | $12.50 | $8.00 | $18.75 | $10.00 | $116.96 | $44.70 | $266.88 | $105.22 |
| 4/20/18 | 65.4 | 0 | $12.50 | $13.50 | $20.25 | $10.00 | $882.63 | $0.00 | $882.90 | $0.24 |
| 5/4/18 | 7.6 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $60.96 | $0.00 | $95.00 | $34.04 |
| 5/4/18 | 70.1 | 5.3 | $12.50 | $13.50 | $20.25 | $10.00 | $946.22 | $52.70 | $1,053.68 | $54.75 |
| 5/18/18 | 72.1 | 0 | $12.50 | $13.50 | $20.25 | $10.00 | $972.95 | $0.00 | $973.35 | $0.40 |
| 6/1/18 | 7.5 | 0 | $12.50 | $8.00 | $18.75 | $10.00 | $59.92 | $0.00 | $93.75 | $33.83 |
| 6/1/18 | 65.5 | 2.3 | $12.50 | $13.50 | $20.25 | $10.00 | $884.66 | $23.40 | $930.83 | $22.77 |
| 6/15/18 | 63.6 | 0 | $12.50 | $13.50 | $20.25 | $10.00 | $857.93 | $0.00 | $858.60 | $0.67 |
| 6/29/18 | 57.5 | 0 | $12.50 | $13.50 | $20.25 | $10.00 | $775.98 | $0.00 | $776.25 | $0.27 |
| 7/13/18 | 70.5 | 0 | $13.25 | $13.50 | $20.25 | $10.00 | $952.02 | $0.00 | $951.75 | -$0.27 |
| 7/27/18 | 70.6 | 0 | $13.25 | $13.50 | $20.25 | $10.00 | $952.97 | $0.00 | $953.10 | $0.13 |
| 8/10/18 | 71.4 | 0 | $13.25 | $13.50 | $20.25 | $10.00 | $963.36 | $0.00 | $963.90 | $0.54 |
| 8/24/18 | 78.2 | 1.6 | $13.25 | $13.50 | $20.25 | $10.00 | $1,055.03 | $16.10 | $1,088.10 | $16.97 |
| 9/7/18 | 80 | 9.8 | $13.25 | $13.50 | $20.25 | $10.00 | $1,080.00 | $97.80 | $1,278.45 | $100.65 |
| 9/21/18 | 79.2 | 0 | $13.25 | $13.50 | $20.25 | $10.00 | $1,069.34 | $0.00 | $1,069.20 | -$0.14 |
| 10/5/18 | 13.2 | 0 | $13.25 | $8.00 | $20.25 | $10.00 | $105.60 | $0.00 | $174.90 | $69.30 |
| 10/5/18 | 66.8 | 0 | $13.25 | $13.50 | $20.25 | $10.00 | $901.80 | $0.00 | $901.80 | $0.00 |
| 10/19/18 | 80 | 4.4 | $13.25 | $13.50 | $20.25 | $10.00 | $1,080.00 | $43.50 | $1,169.10 | $45.60 |
| 11/2/18 | 80 | 24.2 | $13.25 | $13.50 | $20.25 | $10.00 | $1,080.00 | $242.10 | $1,570.05 | $247.95 |
| 11/16/18 | 80 | 9.6 | $13.25 | $13.50 | $20.25 | $10.00 | $1,080.00 | $96.20 | $1,274.40 | $98.20 |
| 11/30/18 | 73.7 | 0.8 | $13.25 | $13.50 | $20.25 | $10.00 | $955.22 | $7.80 | $1,011.15 | $48.13 |
| 12/14/18 | 80 | 1.8 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $18.40 | $1,157.80 | $19.40 |
| 12/28/18 | 67.3 | 1.5 | $13.25 | $14.00 | $21.00 | $10.00 | $942.06 | $15.20 | $973.70 | $16.44 |
| 1/11/19 | 58.6 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $819.84 | $0.00 | $820.40 | $0.56 |
| 1/25/19 | 80 | 8.4 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $83.60 | $1,296.40 | $92.80 |
| 2/8/19 | 80 | 11.4 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $114.00 | $1,359.40 | $125.40 |

| 2/22/19 | 67.3 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $942.34 | $0.00 | $942.20 | -$0.14 |
|---|---|---|---|---|---|---|---|---|---|---|
| 3/8/19 | 60 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $840.14 | $0.00 | $840.00 | -$0.14 |
| 3/22/19 | 80 | 11.7 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $116.50 | $1,365.70 | $129.20 |
| 4/5/19 | 75.1 | 3.7 | $13.25 | $14.00 | $21.00 | $10.00 | $1,050.98 | $36.50 | $1,129.10 | $41.62 |
| 4/19/19 | 80 | 4.8 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $47.50 | $1,220.80 | $53.30 |
| 5/3/19 | 80 | 8.4 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $83.60 | $1,296.40 | $92.80 |
| 5/17/19 | 80 | 13.5 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $135.30 | $1,403.50 | $148.20 |
| 5/31/19 | 70.6 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $988.68 | $0.40 | $988.40 | -$0.68 |
| 6/14/19 | 70.8 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $991.20 | $0.00 | $991.20 | $0.00 |
| 6/28/19 | 55 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $769.44 | $0.00 | $770.00 | $0.56 |
| 7/12/19 | 62.8 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $879.34 | $0.00 | $879.20 | -$0.14 |
| 7/26/19 | 62.8 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $879.34 | $0.00 | $879.20 | -$0.14 |
| 8/9/19 | 62.8 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $879.34 | $0.00 | $879.20 | -$0.14 |
| 8/23/19 | 62.8 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $879.34 | $0.00 | $879.20 | -$0.14 |
| 9/6/19 | 62.8 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $879.34 | $0.00 | $879.20 | -$0.14 |
| **Total** | | | | | | | | | | **$3,217.70** |
| **X3 Liquidated Damages** | | | | | | | | | | **$9,653.10** |
| **Total Damages** | | | | | | | | | | **$12,870.80** |

### Table 4– Plaintiff Loaeza

| Week Start | Regular Hours Worked | Overtime Hours Worked | Minimum Wage | Hourly Rate | Appropriate Overtime Rate | Cash Overtime Rate | Amount Paid on Check | Cash Paid | Proper Pay | Amount Owed |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/5/18 | 19.8 | 12.8 | $13.25 | $14.00 | $21.00 | $10.00 | $277.20 | $128.00 | $546.00 | $140.80 |
| 10/5/18 | 80 | 0 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $0.00 | $1,120.00 | $0.00 |
| 10/19/18 | 80 | 14.8 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $148.30 | $1,430.80 | $162.50 |
| 11/2/18 | 80 | 14.1 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $141.40 | $1,416.10 | $154.70 |
| 11/16/18 | 80 | 13.6 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $135.50 | $1,405.60 | $150.10 |
| 11/30/18 | 80 | 14.4 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $143.80 | $1,422.40 | $158.60 |
| 12/14/18 | 74.7 | 1.5 | $13.25 | $14.00 | $21.00 | $10.00 | $1,045.52 | $15.00 | $1,077.30 | $16.78 |
| 12/28/18 | 80 | 14.9 | $13.25 | $14.00 | $21.00 | $10.00 | $1,120.00 | $148.70 | $1,432.90 | $164.20 |
| 1/11/18 | 71.8 | 1.1 | $13.25 | $14.00 | $21.00 | $10.00 | $1,005.62 | $11.00 | $1,028.30 | $11.68 |
| 1/25/19 | 9.2 | 0.3 | $13.25 | $14.00 | $21.00 | $10.00 | $128.80 | $2.60 | $135.10 | $3.70 |
| 2/8/19 | 80 | 12.7 | $13.25 | $14.00 | $21.00 | $13.00 | $1,120.00 | $164.71 | $1,386.70 | $101.99 |
| 2/22/19 | 75.9 | 6.9 | $13.25 | $14.00 | $21.00 | $13.00 | $1,062.46 | $89.18 | $1,207.50 | $55.86 |
| 3/8/19 | 77.5 | 1 | $13.25 | $14.00 | $21.00 | $13.00 | $1,085.14 | $13.39 | $1,106.00 | $7.47 |
| 3/22/19 | 77.1 | 1.6 | $13.25 | $14.00 | $21.00 | $13.00 | $1,078.98 | $20.41 | $1,113.00 | $13.61 |
| 4/5/19 | 71.5 | 0.1 | $13.25 | $14.00 | $21.00 | $13.00 | $1,001.42 | $0.65 | $1,003.10 | $1.03 |
| 4/19/19 | 38.4 | 0 | $13.25 | $14.00 | $21.00 | $13.00 | $538.02 | $0.00 | $537.60 | -$0.42 |

| 5/3/19 | 79.7 | 7.7 | $13.25 | $14.00 | $21.00 | $13.00 | $1,115.66 | $99.84 | $1,277.50 | $62.00 |
|---|---|---|---|---|---|---|---|---|---|---|
| 5/17/19 | 79.6 | 25.6 | $13.25 | $14.00 | $21.00 | $13.00 | $1,114.26 | $333.06 | $1,652.00 | $204.68 |
| 5/31/19 | 75.6 | 1 | $13.25 | $14.00 | $21.00 | $13.00 | $1,058.40 | $12.48 | $1,079.40 | $8.52 |
| 6/14/19 | 76.3 | 0 | $13.25 | $14.00 | $21.00 | $13.00 | $1,068.06 | $0.00 | $1,068.20 | $0.14 |
| 6/28/19 | 77.8 | 0 | $13.25 | $14.00 | $21.00 | $13.00 | $1,090.04 | $0.39 | $1,089.20 | -$1.23 |
| 7/12/19 | 80 | 4.2 | $14.00 | $16.00 | $24.00 | $13.00 | $1,280.00 | $54.21 | $1,380.80 | $46.59 |
| 7/26/19 | 80 | 2.3 | $14.00 | $16.00 | $24.00 | $13.00 | $1,280.00 | $29.90 | $1,335.20 | $25.30 |
| 8/9/19 | 80 | 4.7 | $14.00 | $16.00 | $24.00 | $13.00 | $1,280.00 | $60.45 | $1,392.80 | $52.35 |
| 8/23/19 | 40.4 | 0.4 | $14.00 | $16.00 | $24.00 | $13.00 | $646.56 | $5.33 | $656.00 | $4.11 |
| 9/6/19 | 54.4 | 3.4 | $14.00 | $16.00 | $24.00 | $13.00 | $870.88 | $44.72 | $952.00 | $36.40 |
| 9/20/19 | 80 | 2.5 | $14.00 | $16.00 | $24.00 | $13.00 | $1,280.00 | $32.11 | $1,340.00 | $27.89 |
| 10/4/19 | 80 | 1.5 | $14.00 | $16.00 | $24.00 | $13.00 | $1,280.00 | $19.63 | $1,316.00 | $16.37 |
| 10/18/19 | 74.8 | 0 | $14.00 | $16.00 | $24.00 | $13.00 | $1,280.00 | $0.00 | $1,196.80 | -$83.20 |
| **Total** | | | | | | | | | | **$1,542.52** |
| **X3 Liquidated Damages** | | | | | | | | | | **$4,627.56** |
| **Total Damages** | | | | | | | | | | **$6,170.08** |